BENJAMIN GETZ, Plaintiff, *v.* HARRY SILVERSTEIN, INC., Defendant.

City Court of the City of New York, Trial Term, New York County, February 23, 1954.

*Mathew Vener* and *Norman M. Heller* for plaintiff.

*I. Arnold Himber* for defendant.

MAX J. WOLFF, Referee. The case was tried before me by consent without a jury. Findings of fact and conclusions of law were waived.

The plaintiff testified to an oral agreement of employment which by its terms was not capable of being performed within one year from the time when it was made. After the plaintiff rested, counsel for the defendant moved to dismiss the complaint for failure of the plaintiff to make a prima facie case. During the argument of this motion, and when it became apparent that the Referee would be obliged to grant it, the plaintiff moved for leave to discontinue the action.

Rule 301 of the Rules of Civil Practice, which became effective September 1, 1953, provides, insofar as it is applicable here, that after the service of an answer, unless all parties are adults or corporations, and by their attorneys consent in writing to a discontinuance, '' an action or proceeding shall not be discontinued by plaintiff except upon order of the court and upon such terms and conditions as the court deems proper.'' The defendant here objects to the discontinuance of the action. Rule 301 is new but was apparently intended, among other things, to prevent a discontinuance for the sole purpose of warding off an adverse decision and enabling a defeated plaintiff to make another try, although he has really had his fair day in court. (Nineteenth Annual Report of N. Y. Judicial Council, 1953, pp. 201–217.)

The plaintiff's motion for leave to discontinue is denied. The plaintiff's own testimony plainly showed that he could not establish a contract other than one which the Statute of Frauds makes unenforcible. Furthermore, the plaintiff would also be unable to establish a cause of action sounding in fraud (*Dung* v. *Parker,* 52 N. Y. 494; *Subirana* v. *Munds,* 282 N. Y. 726). The litigation should therefore be brought to an end.

The motion of the defendant to dismiss the action because of plaintiff's failure to make a prima facie case is granted, and the action is accordingly dismissed on the merits. Judgment may be entered in favor of the defendant.

Execution of judgment for costs is stayed for thirty days after service of notice of entry of judgment upon the attorney for the plaintiff. Sixty days to make a case.