## 25743. DENNIS v. THE STATE.

UNDERCOFLER, Justice. The appellant was convicted of operating an overweight vehicle upon a public highway. The evidence shows that the appellant had complied with the direction of a state employee to drive his truck upon scales from which it was determined that the vehicle was overweight. The appellant contends that the evidence of overweight obtained by requiring him to drive upon the scales should have been excluded at his trial upon his objection that this was self-incrimination. Although he did not refuse to drive his truck upon the scales, he contends that he was coerced into complying by the Acts of 1968, p. 193, § 1,

which added a new section number 1B to the previous law. The new section provides:

"Any law enforcement official or employee of the State Highway Department authorized to enforce the provisions of this Act who observes a motor vehicle being operated upon a public road or highway of the State and who has reason to believe that the size of the vehicle or the weight and load is unlawful, is authorized to weigh and measure same. If the operator of said vehicle shall refuse to stop or to drive the vehicle upon the scales as directed by said law enforcement official or employee of the State Highway Department his driver's license shall be suspended for a period of not more than ninety (90) days by the Department of Public Safety if the State Highway Department shall so request. Each person who shall apply for a Georgia driver's license, or for a renewal of same, hereby consents to drive the vehicle he shall be driving at any time upon scales whenever ordered by a law enforcement official or authorized employee of the State Highway Department." Code Ann. § 68-406.3.

The appellant also asserted in the trial court and asserts here that Ga. L. 1968, p. 193 (Code Ann. § 68-406.3) is unconstitutional. He further complains that he was not advised of his constitutional rights under Escobedo v. Illinois, 378 U. S. 478 (84 SC 1758, 12 LE2d 977), and Miranda v. Arizona, 384 U. S. 436, 473 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974), before driving on the scales. *Held:*

1. The State has the authority under its police powers to enact reasonable laws regulating the use and operation of motor vehicles upon the public highways. Such laws are absolutely essential for the safety of the general public and the protection of public property. Consequently the right to operate a motor vehicle is a qualified right and before one may operate a vehicle upon the highways, he must obtain a license from the State. Ga. L. 1937, pp. 322, 341; 1939, pp. 135, 142; 1961, pp. 136, 137 (Code Ann. § 92A-9904). The State may impose reasonable conditions upon the issuance of such license. The condition being attacked here requires the operator of a motor vehicle to drive it upon scales to ascertain whether it is within the weight limitations established by the State. The right of the State to establish weight limitations is not challenged. Obviously the State may control the weight of vehicles upon its highways. It necessarily

follows then that the State may attach reasonable conditions to the right to operate a motor vehicle upon the highways to assure compliance with the weight limitations. Such is the law here. It is a reasonable requirement. Without it, enforcement of weight limitations would be impracticable. The operator is not compelled to drive his vehicle upon the scales. There is no penalty if he refuses. He merely breaches the condition upon which his right to operate the motor vehicle is predicated and the right can be terminated for a period of not more than 90 days. This does not violate his constitutional protection against self-incrimination. He may elect to refuse to drive upon the scales. See *Aldrich v. State,* 220 Ga. 132 (137 SE2d 463); and *Hackney v. State,* 223 Ga. 802 (158 SE2d 239); Schutt v. Macduff, 205 Misc. 431 (127 NYS2d 116). The fact that such refusal may result in a forfeiture of his right to operate a motor vehicle is not a penalty or such coercion as compels the operator to forego his constitutional protection against self-incrimination. It does not bar him from exercising his constitutional rights. We hold that the statute is constitutional. The appellant voluntarily elected to drive his vehicle upon the scales and knowingly waived his constitutional protection against self-incrimination.

2. The warnings required by the Escobedo and Miranda cases, supra, are applicable to "in-custody" interrogations. The evidence obtained here was not a result of an "in-custody" interrogation, and the appellant was not entitled to the warnings prescribed by the Escobedo and Miranda cases. We decline to follow the ruling in *Sark v. State,* 118 Ga. App. 529 (164 SE2d 266).

*Judgment affirmed. All the Justices concur, except Nichols, J., who dissents.*

ARGUED APRIL 13, 1970—DECIDED MAY 7, 1970.

*Gerald S. Mullis, S. Phillip Brown,* for appellant.

*Clarence H. Clay, Jr., Solicitor, James M. Wootan,* for appellee.