S92A1427. QUILLER v. BOWMAN.
(425 SE2d 641)

FLETCHER, Justice.

We granted this discretionary application to consider the constitutionality of the statute requiring the suspension of the driver's li-

cense of any person convicted of the possession of a controlled substance or marijuana. We hold that OCGA § 40-5-75 does not violate the due process or equal protection clauses of the United States or Georgia Constitutions and affirm.

Ferris L. Quiller was convicted in November 1991 for a violation of the Georgia Controlled Substances Act and sentenced to thirty days in the county jail and five years probation. His crime did not involve a motor vehicle. Based on his conviction, the Department of Public Safety notified Quiller that his driver's license was suspended indefinitely, but could be reinstated after a certain time if he completed a state-approved drug use risk reduction program. A hearing officer upheld the suspension of Quiller's license based on OCGA § 40-5-75. Quiller appealed to the superior court, which found the statute constitutional. Quiller appeals, arguing that the statute violates substantive due process and equal protection by requiring the department to suspend driver's licenses for the conviction of drug offenses that do not involve motor vehicles.[1]

1. "The [s]tate has the authority under its police powers to enact reasonable laws regulating the use and operation of motor vehicles upon the public highways." *Dennis v. State*, 226 Ga. 341, 342 (175 SE2d 17) (1970). The challenged statute provides:

> The driver's license of any person convicted of possession of a controlled substance or marijuana in violation of subsection (b) of Code Section 16-3-2 or subsection (a) or (j) of Code Section 16-13-30 shall by operation of law be suspended.

OCGA § 40-5-75 (a).[2] The state may reinstate the license only if the person completes a DUI Alcohol or Drug Use Risk Reduction Project and pays a restoration fee. Id. (a) (1).

The Georgia Constitution states that "[n]o person shall be deprived of life, liberty, or property except by due process of law." Ga. Const., Art. I, Sec. I, Par. I (1983); see United States Const., amend. XIV, sec. 1. A driver's license is a property interest that may not be

---

[1] Quiller is not challenging the statute as a violation of procedural due process. He received both adequate notice of the suspension and an administrative hearing. We have held that a similar state scheme of an administrative appeal and de novo review in the superior court of the revocation of a habitual offender's license meets the due process requirements of the State and Federal Constitutions. *Hardison v. Shepard*, 246 Ga. 196, 198 (269 SE2d 458) (1980).

[2] These subsections provide for the punishment for marijuana possession, OCGA § 16-13-2 (a), and make it unlawful for any person to purchase, possess, or control any controlled substance, OCGA § 16-13-30 (a), or to possess, control, "manufacture, deliver, distribute, dispense, administer, purchase, sell, or possess with intent to distribute marijuana." OCGA § 16-13-30 (j).

denied without due process of law. See *Bell v. Burson*, 402 U. S. 535, 539 (91 SC 1586, 29 LE2d 90) (1971). The license grants persons the privilege to operate a vehicle on the public highways. See OCGA §§ 40-1-1; 40-5-1 (16), (17). Since the right to drive is not a fundamental right, the rational basis test applies. *In re Maricopa County*, 160 Ariz. 90 (770 P2d 394, 396) (1989); *Commonwealth v. Strunk*, 400 Pa. Super. 25 (582 A2d 1326, 1327-1328) (1990). Under this analysis, " '[i]f the laws passed are seen to have a reasonable relation to a proper legislative purpose, and are neither arbitrary nor discriminatory, the requirements of due process are satisfied.' " *State v. Major*, 243 Ga. 255, 257 (253 SE2d 724) (1979) (quoting *Nebbia v. New York*, 291 U. S. 502 (54 SC 505, 78 LE 940) (1934)).

The state lists the purposes of OCGA § 40-5-75 as punishment of current drug offenders, deterrence of future offenders, reduction of the distribution of illegal drugs, and protection of citizens on state roads. The legislature has determined that driving under the influence of drugs "constitute[s] a direct and immediate threat to the welfare and safety of the general public." See OCGA § 40-5-55 (a). We conclude that the desire to ensure safe driving and discourage illegal drug use is reasonably related to the statute's mandatory suspension of driver's licenses and attendance at a drug reduction program. The license suspension reduces the mobility of drivers possessing drugs and curtails the transportation of illegal drugs. The drug reduction program decreases the use of drugs.

This rational relationship between the law and legislative purpose exists even when the conviction for a drug offense is not related to the use of a motor vehicle. The suspension of the drug offender's license furthers the state's interest in reducing the sale and distribution of drugs by automobile and in promoting public safety. The legislature could reasonably assume that a person who possesses illegal drugs will use the drugs, that a drug user will drive while under the influence of drugs, and that drug use impairs a driver's judgment. Therefore, the statute does not violate due process.[3]

2. Both the State and Federal constitutions prohibit the state from denying to any person the equal protection of the laws. U. S.

---

[3] See *Maricopa County*, 770 P2d at 397 (rejecting due process challenge to the mandatory license suspension of juveniles adjudged delinquent for a drug offense that was not related to a vehicle); *State v. Smith*, 58 N.J. 202 (276 A2d 369, 374) (1971) (concluding that requiring temporary forfeiture of a driver's license for a single incident of marijuana use unconnected with actual driving has a reasonable relation to the legislative goals of punishment, deterrence, and rehabilitation); *Commonwealth v. Strunk*, 582 A2d at 1330 (holding that 90-day driver's license suspension based on an underage defendant's conviction of possessing alcohol, which was not related to the operation of a motor vehicle, did not violate substantive due process). See generally Annotation, *Validity of Statute or Regulation Authorizing Revocation or Suspension of Driver's License for Reason Unrelated to Use of or Ability to Operate Motor Vehicle*, 86 ALR3d 1251 (1978 & Supp. 1992).

Const., amend. XIV, sec. 1; Ga. Const., Art. I, Sec. I, Par. II.

> "Under the equal protection guarantee of our State Constitution, classification in legislation is permitted when the classification is based on rational distinctions, and the basis of the classification bears a direct and real relation to the object or purpose of the legislation."

*Home Materials, Inc. v. Auto Owners Ins. Co.*, 250 Ga. 599, 600 (300 SE2d 139) (1983) (quoting *Cannon v. Ga. Farm Bureau Mut. Ins. Co.*, 240 Ga. 479, 482 (241 SE2d 238) (1978)). The state argues that the statute distinguishes between persons who are convicted drug offenders and persons who are not. Quiller, on the other hand, contends that the classification is between persons convicted of possession of marijuana or a controlled substance and persons convicted of any other crime, such as murder.

Under either classification, the statute does not violate equal protection. The disparate treatment between persons convicted of illegal drug possession and persons convicted of other crimes bears a reasonable relationship to the statute's purpose in deterring drug use, curtailing the distribution of drugs, and protecting motorists. Committing the crimes of murder, assault, rape, and other violent acts, although dangerous, do not normally interfere with the driving ability of the offender. In contrast, the driving judgment and ability of a person who possesses and uses illegal drugs, like a juvenile who illegally possesses and drinks alcohol, is likely to be impaired.[4]

3. The remaining enumeration of error is without merit.

*Judgment affirmed. Clarke, C. J., Hunt, P. J., Benham, Sears-Collins, JJ., and Judge W. J. Forehand, concur; Hunstein, J., not participating.*

DECIDED FEBRUARY 5, 1993 —
RECONSIDERATION DENIED FEBRUARY 24, 1993.

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III, Eric D. Hearn, Patricia A. Buttaro,* for appellant.

*Michael J. Bowers, Attorney General, Kay D. Baker, Staff At-*

---

[4] See *State v. Lawton*, 588 S2d 73 (Fla. App. 1991) (reversing trial court ruling that mandatory suspension of an offender's driving privileges after conviction for possession of marijuana was unconstitutional); cf. *Maricopa County*, 770 P2d at 396 (holding suspension of juvenile drug offender's license does not violate equal protection even though no similar provision exists to punish adult drug offenders).