L. CHARLES WRIGHT, Retired Appellate Judge.
The Alabama Department of Revenue notified Eli Witt Company, a wholesaler of tobacco products, that it was not entitled to a tobacco stamp tax discount because its tobacco tax payment of June 1990 was not timely mailed or received by the department. The department entered a preliminary assessment against the company for the amount of the discount, plus interest. The company challenged the assessment and requested a formal hearing. Following a hearing, the administrative law judge determined that the company was entitled to the discount. He ordered the department to reduce the assessment so that the company was only liable for a reduced interest payment. The department appealed the order to the Circuit Court of Montgomery County. The circuit court determined that the company was entitled to the discount. It, however, determined that no interest was owed on the tax payment. The department appeals.
Section 40-25-5, Code 1975, provides that “[ejvery wholesaler or jobber purchasing stamps on consignment ... shall be required to make a full and complete accounting and remittance on or before the twentieth of each month for all stamps used on taxable tobaccos during the preceding month.” The statute provides for a 7½% discount on the entire amount of sale if the taxpayer remits payment of the tax in a timely manner.
The parties stipulated to the facts of this case. A rendition of that stipulation follows.
Eli Witt owed the State of Alabama $459,-706.50 for all stamps used on taxable tobacco products during June 1990. The company computed the amount by calculating its total sales of tobacco products and then deducting a discount of 7½% as provided in § 40-25-5. A check in that amount, made payable to the department, was processed and signed by the company’s accounts payable clerk. The clerk placed the check in an envelope, which was addressed to the department, certified mail, return receipt requested. The envelope was delivered to a United States post office on July 20, 1990. The envelope containing the check was postmarked the same date.
In August 1990 Eli Witt contacted the department to make an inquiry not pertinent to this appeal. At that time the department informed the company that it had not received payment for its June 1990 tobacco taxes. Eli Witt immediately purchased a cashier’s check and remitted the check to the department on August 23, 1990.
Eli Witt has never received the certified mail receipt attached to the envelope containing the July 1990 cheek, nor has that check *949 ever been presented for payment to the company’s bank.
The circuit court determined that under the terms of § 40-25-5, a tobacco wholesaler is entitled to the 7½% discount if it places its payment in the mail on or before the 20th of the month. This determination stems from its interpretation of the word “remit.” It found that term to mean “to send or transmit; as to remit money.” Applying its interpretation of the statute to the facts of the case, the court found that:
“the statute only requires remittance of the tax in a timely manner in order to take advantage of the seven and one-half percent discount. The parties have stipulated that Eli Witt did in fact timely mail, i.e., remit, payment of the tax; therefore, the Court finds that Eli Witt should be allowed the benefit of the seven and one-half percent discount.”
The department contends that the circuit court’s interpretation of the statute and its ensuing conclusion are erroneous because the court failed to consider § 40-1 — 45(d)(2) in its deliberations.
Section 40-1-45 provides, in pertinent part, the following:
“§ 40-1-45. Timely mailing treated as timely filing and paying.
“(a) General rule.—
“(1) Date of Delivery. — If any ... payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of this title is, after such period or such date, delivered by United States mail to the agency ... to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such ... payment ... is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be.
“(d) Exceptions. — This section shall not apply with respect to—
“(2) Currency or other medium of payment unless actually received and accounted for....”
Section 40-1-45 is a general statute which provides methods for determining when a payment is considered timely mailed for the purpose of complying with the requirements regarding timely filing of reports and payment of taxes. The statute provides that the date of the U.S. postmark stamped on the envelope shall be deemed the date of delivery or the date of payment. Even though a payment may be received after the due date, it will be considered as having been timely made if the envelope bears a U.S. postmark stamped on the due date. This “mailbox” rule applies only in instances where the document is actually received by the department.
Section 40-1-45 was modeled after the federal “mailbox” rule found at 26 U.S.C.A. § 7502 (1989). The federal statute similarly provides that the rule does not apply to any medium of payment unless the payment is actually received and accounted for. Federal courts, in construing the statute, have determined that a taxpayer is not allowed to prove delivery and timeliness by testimony or other evidence as- proof of the actual date of mailing where there has been no actual receipt of the mailing. Miller v. United States, 784 F.2d 728 (6th Cir.1986); Deutsch v. C.I.R., 599 F.2d 44 (2d Cir.1979).
The department insists that Eh Witt is not entitled to the discount provided in § 40-25-5 because the facts clearly establish that the department never received the payment.
The dispositive issue is whether the payment must be actually received under § 40-1-45(d)(2) before the company can receive the benefit of the discount under § 40-25-5.
It is well established that statutes should be construed together so as to harmonize provisions as far as practical. Siegelman v. Folmar, 432 So.2d 1246 (Ala.1983). We find that § 40-25-5 and § 40-1-45 share a harmonious and practical relationship. Section 40-25-5 merely authorizes a discount of 7½% if a complete accounting and remittance (payment) is made/mailed on or before the 20th of the month. That statute does not provide a method for determining whether the payment was made/mailed on or before the 20th of the month. In order to make *950 that determination, attention must be focused on § 40-1-45.
In applying our construction of these complementary statutes to the facts of this case, we find that Eli Witt is not entitled to the § 40-25-5 discount because the department never received the payment as provided in § 40 — 1—45(d)(2). It may appear that Eli Witt is being penalized because a good faith effort was made when it deposited payment in the mail, which was never received, and it promptly paid when notified of failure of receipt by the department. However, this is not in fact a penalty. The deduction allowed of 7½% of the total amount owed is an exemption granted, at least in part, and an incentive for payment made on or before the 20th of the following month. Section 40-1-45(d)(2) clearly provides that the date of delivery may be established by showing mailing, but showing the date of mailing is meaningless unless that mailing is received. The department did not receive in this case, and the “mailbox rule” has no application. The funds due the state remained with Eli Witt, to its benefit and to the detriment of the state, for one month before payment was received. Thus, the exemption was lost, together with interest or penalty, as prescribed by statute and rule of the department of revenue.
The judgment of the circuit court is reversed and the cause is remanded to the court with instructions to enter judgment for the department in the amount assessed and claimed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.