677 So.2d 801 (1995)
R.T.M.
v.
STATE.
CR-94-850.
Court of Criminal Appeals of Alabama.
September 29, 1995.
Rehearing Denied December 29, 1995.
Certiorari Denied April 12, 1996.
*803 James W. May, Foley, for Appellant.
Jeff Sessions, Atty. Gen., and Jean Therkelsen, Asst. Atty. Gen., for Appellee.
Alabama Supreme Court 1950613.
McMILLAN, Judge.
The appellant, R.T.M., appeals the trial court's order adjudicating him guilty of the possession of marijuana in the first degree, a violation of § 13A-12-213, Code of Alabama 1975. He was granted youthful offender status and was sentenced to three years' imprisonment. The sentence was suspended and he was placed on supervised probation.

I
The appellant argues that § 13A-12-290, Code of Alabama 1975, contradicts and violates the provisions of § 15-19-7, Code of Alabama 1975, part of the Youthful Offender Act. More particularly, he argues that § 15-19-7 is "designed to protect young people from the punishment imposed by § 13A-12-290."
Section 15-19-7, Code of Alabama 1975 provides:
"(a) No determination made under the provisions of this chapter shall disqualify any youth for public office or public employment, operate as a forfeiture of any right or privilege or make him ineligible to receive any license granted by public authority, and such determination shall not be deemed a conviction of crime; provided, however, that if he is subsequently convicted of crime, the prior adjudication as youthful offender shall be considered.
"(b) The fingerprints and photographs and other records of a person adjudged a youthful offender shall not be open to public inspection; provided, however, that the court may, in its discretion, permit the inspection of papers or records."
Section 13A-12-290, Code of Alabama 1975, provides:
"In addition to any other penalty provided by law, the Department of Public Safety shall suspend for a period of six months the driver's license of any person, including, but not limited to a juvenile child or youthful offender convicted or adjudicated of, or subjected to a finding of delinquency based on, the crimes specified in Section 13A-12-291. If, at the time of conviction, adjudication, or finding of delinquency, the individual did not have a driver's license or the driver's license had been suspended or revoked, there shall be a delay in the issuance of reinstatement of the driver's license for six months after the individual applies for issuance or reinstatement."
Section 13A-12-291(6), Code of Alabama 1975, provides:
"A driver's license shall be suspended pursuant to Section 13A-12-290 for conviction of, adjudication of, or a finding of delinquency based on, the following crimes:
". . . .
"(6) Unlawful possession of marijuana in the first degree under Section 13A-12-213."
We do not find merit in the appellant's argument that the provision guarding against the forfeiture of a right or privilege in § 15-9-7 conflicts with § 13A-12-290, which provides for the six-month suspension of the driver's license of persons convicted of certain offenses. When the plain meaning of a statute can be gleaned from its words, it should be so construed. It is well accepted that this court, in interpreting a statute, "will give words used in a statute their `natural, plain, ordinary, and commonly understood meaning.'" Ex parte Etowah County Board of Education, 584 So.2d 528, 530 (Ala.1991); Alabama Farm Bureau Mut. Cas. Ins. Co. v. *804 City of Hartselle, 460 So.2d 1219 (Ala.1984); Morgan County Commission v. Powell, 293 So.2d 830 (Ala.1974). Additionally, when more than one statute is involved, "statutes should be construed together so as to harmonize provisions as far as practical." State v. Eli Witt Co., 627 So.2d 947, 949 (Ala.Civ. App.1993).
Because the words "forfeiture" as used in § 15-9-7 and "suspend" as used in § 13A-12-290 are not defined in the Alabama Code, we should give those words their common and ordinary meaning. "Forfeiture" is defined in 17 Words and Phrases 457 (19__) as "an entire and permanent loss rather than a temporary withholding." Webster's New Collegiate Dictionary (7th ed. 19__) defines "forfeiture" as "something that one loses or has to give up because of some crime, fault or neglect of duty." "Suspend" defined in 40A Words and Phrases 173 (19__) as the "act of stopping for a time, implying a temporary inoperative condition." Webster's New Collegiate Dictionary defines "suspend," among other things, as "to stop temporarily."
"The Youthful Offender Act is intended to extricate persons below 21 years of age from the harshness of criminal prosecution and conviction. It is designed to provide them with the benefits of an informal confidential, rehabilitative system." Raines v. State, 294 Ala. 360, 317 So.2d 559, 561 (Ala. 1975). The determination of youthful offender status (1) does not disqualify the youth from later holding public office or public employment; (2) does not operate as a forfeiture of any right or privilege; (3) does not make the youth ineligible for any license granted by public authority; (4) is not deemed a conviction of crime; and (5) closes the record to public inspection except upon permission of the court. § 15-19-7, Code of Alabama 1975. See Flippo v. State, 49 Ala. App. 138, 269 So.2d 155 (1972), for the history of Alabama's Youthful Offender Act.
However, the Youthful Offender Act does not shield the youth from all consequences of the underlying action. Here, the appellant possessed a driver's license before his adjudication. The fact that the appellant's license was temporarily withheld pursuant to § 13A-12-290 does not create a conflict with the provision against forfeiture found in § 15-19-7.

II
The appellant argues that § 13A-12-290, Code of Alabama 1975, violates the Equal Protection Clause of the United States Constitution because it orders the revocation of the driver's license of a defendant convicted of a crime specified in § 13A-12-291, Code of Alabama 1975. Specifically, he argues that § 13A-12-290 punishes citizens who have driver's licenses differently from citizens who do not have driver's licenses.
"`The general rule is that "[e]qual protection of the laws is not denied by a statute prescribing the punishment to be inflicted on a person convicted of crime, unless it prescribes different punishments for the same acts committed under the same circumstances by persons in like situations." 16A C.J.S. Constitutional Law, Section 564. "[T]he legislature may, without violating the equal protection clause, establish different punishments ... or it may provide a special punishment for a special class of offenders." Section 564.'"
Hardy v. State, 576 So.2d 685, 686 (Ala.Cr. App.1991), (quoting State v. Spurlock, 393 So.2d 1052, 1057 (Ala.Cr.App.1981)).
In Quiller v. Bowman, 262 Ga. 769, 425 S.E.2d 641 (1993), the Georgia Supreme Court discussed the constitutionality of a statute requiring the suspension of the driver's license of any person convicted of the possession of a controlled substance or marijuana. In holding that the statute (Official Code of Georgia (OCGA), § 40-5-75) did not violate the equal protection clause of the United States or Georgia Constitutions, the Court stated:
"`The [s]tate has the authority under its police powers to enact reasonable laws regulating the use and operation of motor vehicles upon the public highways.' Dennis v. State, 226 Ga. 341, 342, 175 S.E.2d 17 (1970). The challenged statute provides:
"`The driver's license of any person convicted of a controlled substance or *805 marijuana in violation of subsection (b) of Code Section 16-3-2 or subsection (a) or (j) of Code Section 16-13-30 shall by operation of law be suspended.'
"OCGA § 40-5-75(a). The state may reinstate the license only if the person completes a DUI Alcohol or Drug Use Risk Reduction Project and pays a restoration fee. Id. (a)(1).
"The Georgia Constitution states that `[n]o person shall be deprived of life, liberty, or property except by due process of law.' Ga. Const. Art. I, Sec. I, Par. I (1983); see U.S. Const. Amend XIV, sec. 1. A driver's license is a property interest that may not be denied without due process of law. See Bell v. Burson, 402 U.S. 535, 539, 91 S.Ct. 1586, 1589, 29 L.Ed.2d 90 (1971). The license grants persons the privilege to operate a vehicle on the public highways. See OCGA §§ 40-1-1, 40-5-1(16), (17). Since the right to drive is not a fundamental right, the rational basis test applies. In re Maricopa County, 160 Ariz. 90, 770 P.2d 394, 396 (1989); Commonwealth v. Strunk, 400 Pa.Super. 25, 582 A.2d 1326, 1327-28 (1990). Under this analysis, `"[i]f the laws passed are seen to have a reasonable relation to a proper legislative purpose, and are neither arbitrary nor discriminatory, the requirements of due process are satisfied."' State v. Major, 243 Ga. 255, 257, 253 S.E.2d 724 (1979) (quoting Nebbia v. New York, 291 U.S. 502, 54 S.Ct. 505, 78 L.Ed. 940 (1934)).
"The state lists the purposes of OCGA § 40-5-75 as punishment of current drug offenders, deterrence of future offenders, reduction of the distribution of illegal drugs, and protection of citizens on state roads. The legislature has determined that driving under the influence of drugs `constitute[s] a direct and immediate threat to the welfare and safety of the general public.' See OCGA § 40-5-55(a). We conclude that the desire to ensure safe driving and discourage illegal drug use is reasonably related to the statute's mandatory suspension of driver's licenses and attendance at a drug reduction program. The license suspension reduces the mobility of drivers possessing drugs and curtails the transportation of illegal drugs. The drug reduction program decreases the use of drugs.
"This rational relationship between the law and legislative purpose exists even when the conviction for a drug offense is not related to the use of a motor vehicle. The suspension of the drug offender's license furthers the state's interest in reducing the sale and distribution of drugs by automobile and in promoting public safety. The legislature could reasonably assume that a person who possesses illegal drugs will use the drugs, that a drug user will drive while under the influence of drugs, and that drug use impairs a driver's judgment. Therefore, the statute does not violate due process.
"Both the State and Federal Constitutions prohibit the state from denying to any person the equal protection of the laws. U.S. Const. Amend. XIV. sec. 1; Ga. Const. Art. I, Sec. 1, Par II. `"Under the equal protection guarantee of our State Constitution, classification in legislation is permitted when the classification is based on rational distinctions, and the basis of the classification bears a direct and real relation to the object or purpose of the legislation."' Home Materials, Inc. v. Auto Owners Ins. Co., 250 Ga. 599, 600, 300 S.E.2d 139, 143 (1983) (quoting Cannon v. Georgia Farm Bureau Mutual Ins. Co., 240 Ga. 479, 482, 241 S.E.2d 238 (1978)). The state argues that the statute distinguishes between persons who are convicted drug offenders and persons who are not. Quiller, on the other hand, contends that the classification is between persons convicted of possession of marijuana or a controlled substance and persons convicted of any other crime, such as murder.
"Under either classification, the statute does not violate equal protection. The disparate treatment between persons convicted of illegal drug possession and persons convicted of other crimes bears a reasonable relationship to the statute's purpose in deterring drug use, curtailing the distribution of drugs, and protecting motorists. Committing the crimes of murder, assault, *806 rape, and other violent acts, although dangerous, do not normally interfere with the driving ability of the offender. In contrast, the driving judgment and ability of a person who possesses and uses illegal drugs, like a juvenile who illegally possesses and drinks alcohol, is likely to be impaired."
(Footnotes omitted.)
See generally Annotation, Validity of Statute or Regulation Authorizing Revocation or Suspension of Driver's License for Reason Unrelated to Use of, or Ability to Operate, Motor Vehicle. 18 A.L.R. 5th 542 (1994).
The possession of a driver's license is a "privilege" rather than a fundamental right. It may be revoked by the State as a means to discourage drug offenses because the legislature's action in enacting the statute was related to a legitimate State interest, i.e., discouragement of drug activity and promotion of public safety.
Based on the aforementioned legal principles, no equal protection violation occurred here.

III
The appellant argues that § 13A-12-291, Code of Alabama 1975, violates the double jeopardy provisions of the Federal Constitution and the Alabama Constitution.
In Rushworth v. Registrar of Motor Vehicles, 413 Mass. 265, 596 N.E.2d 340 (Mass. 1992), the Massachusetts Supreme Court held that a statute mandating the suspension of driver's licenses of those individuals convicted of drug-related offenses did not violate the principles of double jeopardy. The court responded that the legislature has the power to determine the extent of punishment to be attached to a conviction, and that the Double Jeopardy Clause serves only to prevent greater punishment than the legislature intended. Finding that the legislature expressly directed the cumulative punishment of a license suspension, and that the registrar had no discretion in suspending a violator's license, the court held that the principles of double jeopardy were not violated.
Here, the appellant was not subjected to multiple trials for the same offense, nor was he charged with and convicted of more than one offense arising out of the transaction and given separate sentences for each offense. Cf. Briney v. State Dept. of Revenue, 594 So.2d 120 (Ala.Civ.App.1991). The appellant pleaded guilty to one offense and was given youthful offender status. Section 13A-12-290 was used as a sentencing enhancement provision. Thus, it was an enhancement of an existing penalty rather than a separate conviction and sentence. See Hardy v. State, supra.
The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.