AU Hotel, Ltd., appeals from a judgment declaring that AU Hotel is not exempt from ad valorem property taxation. We affirm.
The Industrial Development Board of the City of Auburn ("the Board") constructed a hotel and conference center ("the Facility") upon land leased to the Board by Auburn University. The Board then leased the Facility to AU Hotel, a limited partnership, and AU Hotel subleased the conference center to Auburn University. AU Hotel contracted with Richfield Hotel Management for Richfield to operate the Facility. AU Hotel is designated as the sole "user" of the Facility under the lease agreement with the Board, and it is responsible for all costs associated with ownership of the Facility, e.g., insurance, improvements, replacement, repair, additions, and modifications. AU Hotel has an option to purchase the Facility for $1.00 at the end of the lease.
AU Hotel filed a declaratory judgment action against George Mingledorff, who was then commissioner of the Alabama Department of Revenue, seeking a determination that it was exempt from the payment of ad valorem taxes on the Facility, relying upon §§ 40-9-1(1) and 40-9-17, Ala. Code 1975. Mingledorff's successor in office, Ralph Eagerton, was substituted later as the defendant, pursuant to Rule 25(d)(1), Ala. R. Civ. P.[1] After conducting a hearing and considering the evidentiary materials filed by the parties, the trial court declared that AU Hotel *Page 861 
was not exempt from the payment of ad valorem taxes.
It is well settled in Alabama law that taxation is the rule and an exemption is the exception. Chemical Waste Management,Inc. v. State, 512 So.2d 115 (Ala.Civ.App. 1987). An exemption from taxation is to be strictly construed against the party claiming the exemption and in favor of the right to tax. Exparte Fleming Foods of Alabama, Inc., 648 So.2d 577 (Ala. 1994). No property is to be exempted unless the legislature's intention to exempt that property clearly appears in some statute. Brundidge Milling Co. v. State, 45 Ala. App. 208,228 So.2d 475 (Ala.Civ.App. 1969). The party seeking an exemption from taxation assumes the burden to clearly establish the right, and in all cases of doubt as to legislative intention the presumption is in favor of the taxing power. Chemical WasteManagement, 512 So.2d at 119.
AU Hotel first argues that it is exempt from ad valorem taxation under § 40-9-1(1) because the Facility property is used "exclusively" for school purposes and not let for rent or hire. Section 40-9-1(1) provides that "all property, real and personal, used exclusively for religious worship, for schools or for purposes purely charitable" is exempt from ad valorem taxation; however, the statute further provides that "property, real or personal, owned by any educational, religious or charitable institution, society or corporation let for rent or hire or for use for business purposes shall not be exempt from taxation, notwithstanding that the income from such property shall be used exclusively for education, religious or charitable purposes."
Section 40-9-1(1) is based on Article IV, § 91, of the Alabama Constitution of 1901, which provides:
 "The legislature shall not tax the property, real or personal, of the state, counties, or other municipal corporations, or cemeteries, nor lots in incorporated cities and towns, or within one mile of any city or town to the extent of one acre, nor lots one mile or more distant from such cities or towns to the extent of five acres, with the buildings thereon, when same are used exclusively for religious worship, for schools, or for purposes purely charitable."
The record reflects that Auburn University conferences are given priority in booking at the conference center and that most of the hotel guests are associated with Auburn University, have business there, or are attending a conference or university function. At times Auburn University pays the cost of a conference attendee's use of the Facility, but attendees often bear their own costs when attending a conference or renting a hotel room. At any time the Facility is not being used by Auburn University, any organization, group, or individual can rent a room or utilize the conference center on a space-available basis, regardless of whether that organization, group, or individual is associated with or has business with Auburn University. The Facility is listed in the local telephone book in both the white pages and the yellow pages, advertising its availability to the general public. AU Hotel argues that occasional use of the Facility that is not related to Auburn University's continuing education program is merely incidental, and, therefore, should not preclude it from qualifying for the exemption found in § 40-9-1(1). We cannot agree.
In determining the applicability of exemptions from ad valorem taxation based upon educational, religious, or charitable uses, our supreme court "has held consistently that the exclusive use of the property at issue for religious worship, schools, or charity is the true test of whether the exemption under § 91 applies." Most Worshipful Grand Lodge v.Norred, 603 So.2d 996, 1000 (Ala. 1992). The Norred court further defined "exclusive" by explaining that "the property must be exclusively used for religious worship, schooling, or charity, in the sense that the property must be used solely, only, or wholly for a religious, educational, or charitable purpose." Id. According to the evidence presented in this case, the Facility is not used "solely, only, or wholly" for an educational purpose. AU Hotel also lists several factors indicating that Auburn University benefits from the Facility and that it was instrumental in its development. Nevertheless, none of these factors demonstrates that the Facility is used exclusively for educational *Page 862 
purposes. In Anniston City Land Co. v. State, 185 Ala. 482,64 So. 110 (1913), the owner of the Anniston Inn leased a building for use as a school and argued that the property was exempt from ad valorem taxation. Our supreme court rejected that argument because persons who were not connected with the school were provided room and board in the building from time to time. The court stated that even though the larger part of the building was used for educational purposes, the different uses of the building "interfered effectually with that exclusive use for school purposes which the Constitution exacts as a condition of exemption from sharing the burdens of the state."185 Ala. at 486, 64 So. at 111.
Even if the Facility could be considered to be used exclusively for school purposes, the portion of § 40-9-1(1) regarding property "let for rent or hire or for use for business purposes" would preclude the exemption sought by AU Hotel. AU Hotel argues that the provision means that it would lose its exemption only if it leases the property to make a profit or for business use. We cannot accept that interpretation.
 " 'The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.' "
City of Montgomery v. Water Works Sanitary Sewer Bd.,660 So.2d 588, 592 (Ala. 1995) (quoting IMED Corp. v. SystemsEngineering Assocs. Corp., 602 So.2d 344, 346 (Ala. 1992)). The language of § 40-9-1(1) is unambiguous and needs no interpretation. The Facility clearly is "let for rent or hire or for use for business purposes," and, therefore, the property is not exempt from ad valorem taxation.
We note that § 40-9-1(1) assumes ownership of the subject property by the educational institution. Because we conclude that the plain meaning of the statute precludes the exemption sought by AU Hotel, we need not decide whether Auburn University's lease of the conference center and its ownership of the land upon which the Facility is built constitutes "ownership" within the contemplation of the statute.
AU Hotel also argues that it is exempt from ad valorem taxation under § 40-9-17, on the basis that the property on which the Facility is located is held by Auburn University for the purpose of campus expansion. Section 40-9-17 states:
 "All property owned and used by a college for the purpose of housing students, members of the faculty or other employees of the college is exempt from taxation.
 "All property owned by a college and held for the bona fide purpose of being used for enlargement of a campus or for the development of a new campus is exempt from taxation."
Auburn University owns only the land upon which the Facility is built. That property now is being put to use, not held for some future enlargement of the campus or development of a new campus.
Furthermore, AU Hotel's argument that § 40-9-17 exempts it from taxation would render meaningless the "let for rent or hire" language of § 40-9-1(1), discussed above. Because §§40-9-1(1) and -17 deal with the same subject matter, any conflict that may appear between them should be resolved by construing them together in the way that best harmonizes the provisions of the two statutes. State v. Eli Witt Co.,627 So.2d 947 (Ala.Civ.App. 1993). Construing the two statutes together, we conclude that property that is "let for rent or hire" or utilized for a business purpose and that is therefore made taxable by § 40-9-1(1) is not made nontaxable under §40-9-17 by the further fact that it is "held" by a college solely for expansion of a campus or for development of a new campus.
Let the judgment be affirmed.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme *Page 863 
Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
[1] We note that Commissioner Eagerton has now left office. See Rule 43(b), Ala. R.App. P.