COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Coleman and Willis
Argued at Salem, Virginia


ERIC COOPER WALTON
                                              OPINION BY
v.    Record No. 0340-96-3          CHIEF JUDGE NORMAN K. MOON
                                             MAY 27, 1997
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF SALEM
                          G.O. Clemens, Judge

             (John H. Kennett, Jr., on briefs), for
             appellant.

             Leah A. Darron, Assistant Attorney General
             (James S. Gilmore, III, Attorney General, on
             brief), for appellee.


     Eric Cooper Walton appeals the suspension of his driver's

license for a period of six months pursuant to Code § 18.2-259.1,

following his conviction for possession of marijuana.  Walton

asserts that suspension of his driver's license violates: (1) his

substantive due process rights under the Fourteenth Amendment of

the United States Constitution and Article I, Section 11 of the

Virginia Constitution; and (2) the United States Constitution's

Eighth Amendment proscription against cruel and unusual

punishment.

     We hold that the suspension of Walton's license under Code

§ 18.2-259.1 rationally relates to the Commonwealth's proper

purposes of promoting public safety and deterring the use of

automobiles in the sale and transportation of illegal drugs.  We

further hold that Walton failed to properly preserve for appeal

his argument that suspension of his license violates the Eighth

Amendment's proscription against cruel and unusual punishment, and therefore, Rule 5A:18 bars our consideration of this question.

On September 2, 1995, Detective W.W. Young executed a search warrant at Walton's mobile home. Young found a marijuana plant growing in a flower bed outside of Walton's mobile home and inside discovered marijuana, rolling papers and a hemostat. Walton was convicted of possession of marijuana and was sentenced to thirty days in jail with all but four days suspended, fined $200 dollars, and had his license suspended for six months.

Code § 18.2-259.1 provides for the automatic suspension of a person's driver's license for a period of six months upon the person's conviction for a drug offense under Code §§ 18.2-247 through 18.2-264.1. Walton argues that his conviction for possession of marijuana was unrelated to the operation of a motor vehicle and therefore, that suspension of his license violates his substantive due process rights under the United States and Virginia Constitutions and constitutes cruel and unusual punishment.

### Due Process

The due process clauses of the Federal and Virginia Constitutions provide that no person shall be deprived of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1; Va. Const. art. I, § 11.

Acts of the General Assembly are presumed to be

constitutional.  <u>Wayside Restaurant v. Virginia Beach</u>, 215 Va. 231, 208 S.E.2d 51 (1974).  "[A]n act of the legislature . . . is not to be declared unconstitutional except where it is clearly and plainly so.  Courts uphold acts of the legislature when their constitutionality is debatable, and the burden is upon the assailing party to prove the claimed invalidity."  <u>Perry v. Board of Funeral Directors</u>, 203 Va. 161, 165, 123 S.E.2d 94, 97 (1961).  We hold that Walton has failed to meet this burden.

The right to operate a motor vehicle is a property interest that may not be denied without due process of law.  See <u>Bell v. Burson</u>, 402 U.S. 535, 539 (1971).  However, "[t]he operation of a motor vehicle . . . is a conditional privilege, which may be suspended or revoked under the police power." <u>Commonwealth v. Ellett</u>, 174 Va. 403, 414, 4 S.E.2d 762, 767 (1939).  As such, the right to drive is not a fundamental right and consequently, laws regulating that right need only withstand rational basis review to be found constitutional.  See <u>id.</u>; <u>Quiller v. Bowman</u>, 262 Ga. 769, 770-71, 425 S.E.2d 641, 642 (1993); <u>Commonwealth v. Strunk</u>, 400 Pa. Super. 25, 29, 582 A.2d 1326, 1327-28 (1990).  Under rational basis analysis, if the law in question has a "reasonable relation to a proper purpose and [is] neither arbitrary nor discriminatory," the requirements of due process are satisfied. <u>Duke v. County of Pulaski</u>, 219 Va. 428, 438, 247 S.E.2d 824, 829 (1978); <u>see</u> <u>Nebbia v. New York</u>, 291 U.S. 502 (1934).

The Commonwealth identified the purposes of Code

§ 18.2-259.1 as "punishment of current drug offenders, deterrence of future offenders, reduction of the distribution of illegal drugs and protection of citizens on state roads." We conclude that the desire to deter the use of illegal drugs and the operation of motor vehicles by persons under the influence of controlled substances constitute proper purposes which reasonably relate to the statute's mandatory suspension of driver's licenses. The suspension of a drug offender's license serves to curtail transportation of illegal substances, sale of illegal substances from vehicles, and the operation of motor vehicles by persons under the influence of controlled substances.

The rational relationship between these purposes and Code § 18.2-259.1 exists even where the drug offense does not relate to or involve the use of a motor vehicle. The legislature could reasonably assume that a person who possesses illegal substances would use those substances and could operate a motor vehicle while under the influence of said substances. Likewise, the legislature could reasonably conclude that a person who possesses illegal substances would use a motor vehicle to transport those substances. See Quiller, 262 Ga. at 771, 425 S.E.2d at 643; In re Maricopa County, 160 Ariz. 90, 93, 770 P.2d 394, 397 (1989).

<u>Cruel and Unusual Punishment</u>

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the

time of the ruling . . . ."  <u>McQuinn v. Commonwealth</u>, 20 Va. App. 753, 755, 460 S.E.2d 624, 626 (1995) (<u>en</u> <u>banc</u>).  Here, Walton's sole argument at trial concerning the constitutional status of Code § 18.2-259.1 was that it violated his substantive due process rights under the United States and Virginia Constitutions.  On brief, Walton advances for the first time the argument that the suspension of his license constitutes a violation of the United States Constitution's Eighth Amendment proscription against cruel and unusual punishment.  Because Walton failed to properly preserve this question, Rule 5A:18 bars consideration of the matter on appeal.

Holding that the suspension of Walton's driver's license pursuant to Code § 18.2-259.1 did not violate his substantive due process rights and holding that Walton failed to properly preserve his Eighth Amendment argument for appeal, we affirm.

<u>Affirmed.</u>