COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Lemons and
          Senior Judge Duff
Argued at Alexandria, Virginia


TERRY JANSEN FORNEY

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0978-98-4          JUDGE DONALD W. LEMONS
                                         JUNE 22, 1999
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF SHENANDOAH COUNTY
                     John J. McGrath, Jr., Judge

              Elwood Earl Sanders, Jr., Appellate Defender
              (Public Defender Commission of Virginia, on
              briefs), for appellant.

              Ruth M. McKeaney, Assistant Attorney General
              (Mark L. Earley, Attorney General, on brief),
              for appellee.


        Terry Jansen Forney was convicted of driving after having

been declared an habitual offender in violation of Code

§ 46.2-357(1), and four counts of forging a public document in

violation of Code § 18.2-168.  On appeal, he argues that the

trial court erroneously admitted evidence of a prior conviction

for driving after having been adjudged an habitual offender,

that the admission of such evidence violated the rule against

the admission of evidence of prior crimes, and that the court

erred in denying Forney's motion to strike.

---

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

## I.  BACKGROUND

On May 19, 1997, Warden Jeffrey Allen Larson of the Virginia Game and Inland Fisheries was patrolling the Elizabeth Furnace area of Shenandoah County, checking fishing licenses, when he noticed Terry Jansen Forney fishing in a stream.  Larson testified that he approached Forney and his two companions and asked to see their fishing licenses.  Forney denied that he was fishing, but Larson told Forney that he was going to issue him summonses for fishing without a license.  Forney went to his car and presented Larson with his driver's license which indicated that he was "Gregory Lewis."  Larson further testified that Forney told him that the address on the license was correct.  Forney was given three summonses related to fishing without a license, and he signed each one with the name "Gregory Lewis."  Larson stated that Forney and his companions entered the car and Forney got into the driver's seat and drove away.

On June 24, 1997 Forney appeared and pled no contest in the name of "Gregory Lewis" to the charges of fishing without a license and paid fines in the General District Court of Shenandoah County.  Deputy Clerk Linda Sue Hawkins testified that Forney signed a payment agreement with the name "Gregory Lewis."  Both Larson and Hawkins identified Forney as the man they had witnessed sign his name as "Gregory Lewis."

Larson later learned Forney's true identity and checked his driving record which revealed that Forney was listed as an

-

habitual offender.  Forney was then charged with operating an automobile after having been adjudged an habitual offender, as well as with four counts of forgery.  At trial, the Commonwealth's Attorney sought to introduce two orders convicting Forney of driving after being declared an habitual offender in Bristol, Virginia, and Winchester, Virginia.  The trial court excluded the order from Winchester because of confusion of the dates listed on the document.  The order from Bristol was initially excluded, but the court ultimately admitted it for the limited purpose of determining whether Forney had notice of his adjudication as an habitual offender.

## II.  EVIDENCE OF PRIOR CONVICTION

On appeal, Forney argues that the court erred in admitting evidence of a prior conviction for driving after having been adjudicated an habitual offender for purposes of proving knowledge of his prior adjudication.  Forney contends that he was convicted in his absence and there was no evidence that he had been made aware of his conviction by the general district court.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Brown v. Commonwealth, 21 Va. App. 552, 555, 466 S.E.2d 116, 117 (1996) (citations omitted).  "Evidence of other crimes or bad acts is inadmissible if it is offered merely to show that the

-

defendant is likely to have committed the crime charged." Goins v. Commonwealth, 251 Va. 442, 462, 470 S.E.2d 114, 127, cert. denied, 519 U.S. 887 (1996).  However, "[e]vidence of other crimes is admissible if it tends to prove any fact in issue, even though it also tends to show the defendant guilty of another crime."  Bullock v. Commonwealth, 27 Va. App. 255, 260, 498 S.E.2d 433, 435 (1998).  "[E]vidence of other crimes is [also] properly received if it is relevant and probative of an issue on trial, such as an element of the offense charged or the required predicate for enhanced punishment."  Pittman v. Commonwealth, 17 Va. App. 33, 35, 434 S.E.2d 694, 695 (1993).

Forney was charged with driving after having been adjudicated an habitual offender, second or subsequent offense, see Code § 46.2-357(3), but convicted of a violation of 46.2-357(1), a misdemeanor not requiring proof of prior conviction for the same offense.  The Commonwealth was required to prove that Forney had knowledge that he had been adjudicated an habitual offender.

On February 6, 1996, Forney was charged on a misdemeanor warrant with "after having been declared a habitual offender by a court, driv[ing] a motor vehicle on the highway in a manner which (did not) endanger the life, limb, or property of another (the current offense being a second or subsequent violation of this statute)."  The language of the offense charged describes a felony.  However, the felony charge was erroneously written on a

-

misdemeanor arrest warrant in Bristol, Virginia. Because of the error in the 1996 warrant, the court refused to admit it as evidence of a prior conviction. However, the court did admit the document as evidence that Forney had knowledge that he had been adjudicated an habitual offender. The arrest warrant, which stated the offense charged, was served upon Forney upon his arrest on February 6, 1996. The court instructed the jury that it was to consider the misdemeanor warrant only for the purpose of determining whether Forney had knowledge of his adjudication as an habitual offender.

Whether Forney knew of his adjudication was an element of the offense charged. "Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case." Ragland v. Commonwealth, 16 Va. App. 913, 918, 484 S.E.2d 675, 678 (1993). In addition, "evidence is admissible if it tends to prove any relevant element of the offense charged or if the evidence is connected with or leads up to the offense for which the accused is on trial." Woodfin v. Commonwealth, 236 Va. 89, 95, 372 S.E.2d 377, 380 (1988) (citations omitted). Because the arrest warrant was served on Forney at the time of his arrest, it was relevant to the question of Forney's knowledge of his adjudication as an habitual offender.

### III.   PREJUDICIAL EFFECT OF PRIOR CONVICTION

Forney argues that the admission of his prior conviction as an habitual offender was error because it created the possibility of prejudice with respect to the forgery charges. Forney contends that the evidence was unduly prejudicial and that no exceptions to the general rule prohibiting the introduction of prior crimes were applicable to the forgery charges. Forney argues further that a limiting instruction, in which the jury was instructed to consider evidence of the prior conviction only for purposes of knowledge of his habitual offender status, did not correct the error.

Forney failed to raise an objection to the admission of evidence of his prior conviction on this ground at trial. Therefore, we are barred from considering it on appeal. See Rule 5A:18; Walton v. Commonwealth, 24 Va. App. 757, 485 S.E.2d 641 (1997), aff'd, 255 Va. 422, 497 S.E.2d 869 (1998).

In addition, Forney could have requested severance of the charges prior to trial. A defendant must request separate trials before trial begins or the defendant has waived the issue. See Colclasure v. Commonwealth, 10 Va. App. 200, 202, 390 S.E.2d 790, 791 (1990). Forney was aware of all charges and the respective elements of each prior to trial. Forney is charged with the knowledge that the Commonwealth was required to prove knowledge of his prior adjudication as an habitual offender. If Forney believed that prejudice was likely to

-

result, he should have moved to sever the charges against him. He may not object for the first time on appeal to the introduction of evidence necessary to prove one element of an offense because of the possibility of prejudice on a second charge.

## IV.   SUFFICIENCY OF THE EVIDENCE

Forney argues that the evidence was insufficient to sustain his conviction for driving after having been adjudicated an habitual offender.  Forney contends that there was insufficient evidence that he knew of his habitual offender status at the time of his arrest.

We disagree.  Where the sufficiency of the evidence is an issue on appeal, an appellate court must view the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth.  See Cheng v. Commonwealth, 240 Va. 26, 42, 393 S.E.2d 599, 608 (1990).  We hold that the evidence introduced at trial was sufficient to demonstrate Forney's knowledge that he had been adjudicated an habitual offender.  Forney was arrested on February 6, 1996 for driving after having been declared an habitual offender.  The arrest warrant stated the charge and his status as an habitual offender and was served on Forney and proved that Forney had knowledge of his habitual offender status.  In addition, the fact finder was entitled to draw an inference that Forney had misrepresented himself and used a false name because he was

-

aware that he was driving in violation of his status as an habitual offender.

## IV.  CONCLUSION

Based upon the foregoing, we hold that the trial court did not err in admitting evidence of Forney's prior conviction for driving after having been adjudicated an habitual offender and that the evidence was sufficient to support his convictions. The convictions are affirmed.

<u>Affirmed.</u>

-