COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphreys, Clements and Agee
Argued at Richmond, Virginia


MARGARET COUSINS

                                        MEMORANDUM OPINION* BY
v.    Record No. 1553-01-2        JUDGE ROBERT J. HUMPHREYS
                                             OCTOBER 8, 2002
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        Margaret P. Spencer, Judge

               Bruce P. Ganey (Chalkley & Witmeyer, L.L.P.,
               on brief), for appellant.

               Stephen R. McCullough, Assistant Attorney
               General (Jerry W. Kilgore, Attorney General,
               on brief), for appellee.


     Margaret Cousins appeals her conviction, after a bench trial,

for assault and battery.[1]  Cousins contends the trial court erred

in denying the admission of certain evidence during trial.  For

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.  Further, because this opinion has
no precedential value, we recite only those facts essential to
our holding.

     [1] Cousins was actually indicted and tried for unlawful
wounding, in violation of Code § 18.2-51.  However, after
hearing the evidence, the trial court found Cousins guilty of
the lesser offense of assault and battery, and sentenced her
pursuant to Code § 18.2-57.  In reviewing the record before us,
we note that the sentencing order appears to erroneously state
that Cousins was convicted of assault and battery in violation
of Code § 18.2-51, the unlawful wounding statute.  We,
therefore, remand this matter solely for the purpose of
correcting the sentencing order to remedy this conflict.

the reasons that follow, we affirm the judgment of the trial court and remand with instructions to correct the sentencing order as directed in this opinion.

Cousins was indicted for unlawfully wounding Charlene Pullin, her former employee, during an incident which took place on December 26, 2000 in Pullin's driveway. The incident left Pullin with a contusion on her right hip.

During the trial of April 25, 2001, Cousins' counsel attempted to introduce, in his cross-examination of Pullin, evidence concerning an injury Pullin had sustained several weeks before the December 26, 2000 incident. The following colloquy took place:

> [DEFENSE COUNSEL]: And when you were painting at her office on December 2nd, you had a fall off a ladder, did you not?
>
> [COMMONWEALTH'S ATTORNEY]: Judge, I have an objection to the relevance. This is about an injury, an unlawful wounding that occurred on December 26 of 2000. He's going all the way back to the 2nd.
>
> THE COURT: How is this relevant, counsel?
>
> [DEFENSE COUNSEL]: Your Honor, because we would submit to the Court that she was injured on that day, received medical treatment at a hospital for an injury to her right side.
>
> THE COURT: This isn't a civil action, so even if she was injured on that day and received treatment in a hospital for an injury to her right side, how is that relevant to the issue of whether your client is guilty of a malicious wounding on December 26, 2000?

-

[DEFENSE COUNSEL]: Your Honor, we submit some of the injuries she complained about could be the same thing that occurred back then.

THE COURT: And, again, how is that relevant to the issue of guilt or innocence? It may be relevant, if she's found guilty, to the issue of restitution or punishment; but how is the fact that a person is injured one day relevant to the fact as to whether a person was injured another day at the hands of another party? I am not sure I understand your argument.

[DEFENSE COUNSEL]: Judge, we submit it goes to credibility of her testimony here that she was injured by this vehicle backing up into her and that she had to go to the hospital that night and received treatment. If she was injured several weeks prior to that, it could be the same injury that she's complaining of.

THE COURT: Overruled.

[DEFENSE COUNSEL]: Fine.

Cousins' counsel then ended his questioning on this issue.

Later in the proceedings, Cousins attempted to introduce evidence concerning statements Pullin had made to her about Pullin's criminal record, statements she made immediately prior to the incident in question, and statements concerning injuries she had sustained in the recent past. However, the court sustained the Commonwealth's objection to the hearsay evidence.

At the conclusion of the trial, the court convicted Cousins of the lesser charge of assault and battery, and imposed a fine and a suspended sentence of 12 months in prison.

-

On appeal, Cousins first argues that the trial court erred in refusing to admit the evidence concerning Pullin's alleged injury which occurred prior to the December 26, 2000 incident. However, according to the record, it is clear that the trial court overruled the Commonwealth's objection to the admission of this evidence. Thus, despite her assignment of error on appeal concerning this matter, the record demonstrates that Cousins was not aggrieved by the trial court's ruling on this issue.

Cousins next contends on appeal that the trial court erred in refusing to admit the hearsay statements made by Pullin. Cousins argues in her brief on appeal that the evidence should have been admitted pursuant to the party-opponent exception to the hearsay rule, as well as the "present stat[e] of mind and physical condition exceptions to the Hearsay Rule." However, we need not address the merits of Cousins' contentions because the record demonstrates that Cousins failed to raise these arguments before the trial court. Accordingly, these issues are barred from our consideration pursuant to Rule 5A:18, and we find no reason to invoke the ends of justice exception to the rule. See Walton v. Commonwealth, 24 Va. App. 757, 485 S.E.2d 641 (1997), aff'd, 255 Va. 422, 497 S.E.2d 869 (1998) (holding defendant was precluded from raising an alternative argument for the first time on appeal).

-

Thus, we affirm the judgment of the trial court and remand for the sole purpose of correcting the sentencing order in accordance with this opinion.

<u>Affirmed and remanded.</u>