PRESENT:  Carrico, C.J., Compton, Lacy, Hassell, Keenan, and
          Koontz, JJ., and Stephenson, Senior Justice

ERIC COOPER WALTON
                                    OPINION BY
v.  Record No. 971369   SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
                                    February 27, 1998
COMMONWEALTH OF VIRGINIA

              FROM THE COURT OF APPEALS OF VIRGINIA

     The issues presented in this appeal are (1) whether the

evidence is sufficient to convict the defendant of possession of

marijuana and, if so, (2) whether the suspension of the

defendant's driver's license pursuant to Code § 18.2-259.1

violates his constitutional right to due process.

                               I

     On January 18, 1996, following a bench trial, the Circuit

Court of the City of Salem convicted Eric Cooper Walton of

possession of marijuana, in violation of Code § 18.2-250.1.  The

court sentenced Walton to 30 days in jail, with all but four

days suspended, and fined him $200.  Pursuant to Code § 18.2-

259.1, Walton's privilege to operate a motor vehicle was

suspended for a period of six months.[1]

     Walton appealed the judgment of conviction and the license

suspension to the Court of Appeals, presenting, inter alia, the

_____

     [1] Pursuant to subsection (C) of Code § 18.2-259.1, the trial
court permitted Walton to be issued a restricted license for the
purpose of traveling to and from his place of employment.

two issues presented here. The Court of Appeals denied the appeal challenging the sufficiency of the evidence of possession of marijuana, but awarded the appeal challenging the license suspension. Thereafter, the Court of Appeals affirmed the trial court's suspension of Walton's operator's license. Walton v. Commonwealth, 24 Va. App. 757, 485 S.E.2d 641 (1997). We awarded Walton this appeal on both issues.

                                II

     On September 12, 1995, in the City of Salem, Detective W.W. Young executed a search warrant at the mobile home of Walton and his wife. The warrant authorized a search for marijuana and all items associated with its use and cultivation.

     Young found a large marijuana plant growing in a small flower bed immediately adjacent to the steps to the door of the home. Unlike all other plants in the bed, the marijuana plant recently had been watered. Young also found a large metal tray under a couch in Walton's living room. The tray contained a set of hemostats, a package of rolling papers, and a small quantity of plant material. A subsequent laboratory analysis proved that the plant material was .02 of an ounce of marijuana, "enough to make a cigarette."

     During the search, Walton volunteered several statements to Detective Young. Walton stated that he was not a drug dealer; rather, he was "just a guy who smokes a little marijuana and

                                2

works hard for a living." Walton also told Young that he had planted the flower bed but that he could not account for the planting of the marijuana. While the detective was searching through a package of cigarettes that had been on the metal tray, Walton said, "[t]here's no joints in there. I smoked the last one just before you got [here]."

At trial, Walton testified that he had been smoking marijuana since 1969. He said that, at times, friends would come to his home and smoke marijuana with him. The friends would bring their own marijuana and take with them the remainder. He stated that, "every time [he] rolled marijuana into cigarettes, [he] either used [the metal] tray or a newspaper or a magazine or whatever," and then he threw the residue in the trash.

Walton further testified that he never had grown marijuana, he did not know what marijuana plants looked like, and he did not know that the large plant in the flower bed was marijuana. He conceded that he previously had been convicted of two felonies and of two or three misdemeanors involving moral turpitude.

### III

First, we determine whether the evidence is sufficient to support the trial court's finding that Walton knowingly or intentionally possessed marijuana. When the sufficiency of the

3

evidence in a criminal case is challenged on appeal, we must view the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth. Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984).  Great deference must be given to the factfinder who, having seen and heard the witnesses, assesses their credibility and weighs their testimony.  Saunders v. Commonwealth, 242 Va. 107, 113, 406 S.E.2d 39, 42, cert. denied, 502 U.S. 944 (1991). Thus, a trial court's judgment will not be disturbed on appeal unless it is plainly wrong or without evidence to support it. Code § 8.01-680; Dukes, 227 Va. at 122, 313 S.E.2d at 383.

In order to convict a person of illegal possession of an illicit drug, the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of the drug and that the accused consciously possessed it. Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975).  An accused's mere proximity to an illicit drug, however, is not sufficient to prove possession.  Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986).  In addition, ownership or occupancy of the premises where the drug is found does not create a presumption of possession.  Code § 18.2-250.1(A); Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983).  Nonetheless, these factors may be considered in deciding whether an accused possessed the drug.

4

Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982).

Additionally, proof of actual possession is not required; proof of constructive possession will suffice. Constructive possession may be established when there are "'acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" Drew, 230 Va. at 473, 338 S.E.2d at 845 (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).

In the present case, the police found a marijuana plant growing near the entrance to Walton's house. The plant was in a flower bed that Walton had planted, and it was the only plant in the flower bed that had been watered recently. Beneath a couch in Walton's home, the police found a large metal tray containing hemostats, rolling paper, and enough marijuana to roll a cigarette. Walton, a longtime smoker of marijuana, sometimes used the metal tray when he rolled marijuana cigarettes. In fact, Walton had smoked a "joint" just before the police arrived at his home.

Viewing the evidence and all reasonable inferences flowing therefrom in the light most favorable to the Commonwealth and affording the factfinder the deference to which it is entitled,

5

we conclude that the evidence fully supports the trial court's finding that Walton knowingly and intentionally possessed marijuana. This conclusion is supported by all the facts and circumstances proven, including Walton's acts, statements, and conduct.

IV

Next, we determine whether the suspension of Walton's driver's license violates his constitutional right to due process. Code § 18.2-259.1 provides, in pertinent part, that a judgment of conviction of a drug offense "shall . . . operate to deprive the person so convicted . . . of the privilege to drive or operate a motor vehicle . . . in the Commonwealth for a period of six months." Walton contends that the suspension of his driver's license upon his conviction of possession of marijuana violates his substantive due process rights under the Fourteenth Amendment to the United States Constitution and under Article I, Section 11 of the Virginia Constitution.[2]

---

[2] Walton also contends that the statute violates the proscription against cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution. The Court of Appeals, applying its Rule 5A:18, refused to consider this contention, ruling that the argument had not been made in the trial court. Walton, 24 Va. App. at 761, 485 S.E.2d at 643. The record shows that this argument was not made at trial, and, therefore, we will affirm this ruling of the Court of Appeals.

All legislation is presumed to be constitutional, and, therefore, the party attacking the legislation has the burden of proving that it is unconstitutional.  Riddleberger v. Chesapeake Railway, 229 Va. 213, 215, 327 S.E.2d 663, 664 (1985).  Any reasonable doubt whether a statute is constitutional shall be resolved in favor of its validity, and courts will declare a statute invalid only if it is plainly repugnant to some constitutional provision.  Blue Cross v. Commonwealth, 221 Va. 349, 358, 269 S.E.2d 827, 832 (1980).

Substantive due process tests the reasonableness of legislation vis-à-vis the General Assembly's power to legislate. Etheridge v. Medical Center Hospitals, 237 Va. 87, 97, 376 S.E.2d 525, 530 (1989); Duke v. County of Pulaski, 219 Va. 428, 437-38, 247 S.E.2d 824, 829 (1978).  Ordinarily, unless the legislation affects some fundamental constitutional right, substantive due process is satisfied if the legislation has a "reasonable relation to a proper purpose and [is] neither arbitrary nor discriminatory."  Duke, 219 Va. at 438, 247 S.E.2d at 829.  This is the so-called "rational basis" test.

The right to operate a motor vehicle is a conditional privilege, which may be suspended or revoked in the interest of public safety under the police power of the Commonwealth. Commonwealth v. Ellett, 174 Va. 403, 414, 4 S.E.2d 762, 767 (1939).  It is not a fundamental constitutional right; however,

7

the right may not be revoked or suspended without due process of law.  See Bell v. Burson, 402 U.S. 535, 539 (1971).  Thus, whether legislation affecting that right satisfies substantive due process is determined by the application of the rational basis test.

Although Code § 18.2-259.1 mandates suspension of a driver's license for a drug offense that does not involve the operation of a motor vehicle, it is reasonable to conclude that a purpose of the statute is to protect persons using the Commonwealth's highways.  As the Court of Appeals observed, the General Assembly "could reasonably assume that a person who possesses illegal substances would use those substances and could operate a motor vehicle while under the influence of [the] substances."  Walton, 24 Va. App. at 761, 485 S.E.2d at 643.  We conclude, therefore, that the General Assembly, in enacting Code § 18.2-259.1, acted in the interest of public safety.  Resolving all reasonable doubt in favor of the statute's validity, we hold that the statute satisfies the rational basis test for substantive due process.

V

In sum, we hold that the evidence is sufficient to support Walton's conviction of possession of marijuana and that the suspension of Walton's driver's license pursuant to Code § 18.2-259.1 does not violate Walton's substantive due process rights.

8

Accordingly, the judgment of the Court of Appeals will be affirmed.

Affirmed.