COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Willis and Annunziata
Argued at Chesapeake, Virginia


RONALD MAVIN, JR., S/K/A
 RONALD LINWOOD MAVIN, JR.
                                             OPINION BY
v.    Record No. 2592-98-1        JUDGE JERE M. H. WILLIS, JR.
                                          DECEMBER 14, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ISLE OF WIGHT COUNTY
                     Rodham T. Delk, Jr., Judge

            Michael J. Lutke, Assistant Public Defender
            (Office of the Public Defender, on brief),
            for appellant.

            Shelly R. James, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     On appeal from his conviction of possession of cocaine, in

violation of Code § 18.2-250, Ronald Mavin, Jr., contends (1)

that the trial court erred in holding that the police officer

lawfully seized a prescription bottle, and (2) that the evidence

was insufficient to support his conviction.  Finding no error,

we affirm the judgment of the trial court.

                          I.  Background

            On appeal, we review the evidence in
            the light most favorable to the
            Commonwealth, granting to it all reasonable
            inferences fairly deducible therefrom.  The
            judgment of a trial court sitting without a
            jury is entitled to the same weight as a
            jury verdict and will not be set aside

> unless it is plainly wrong or without
> evidence to support it.

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

On the afternoon of October 25, 1996, Smithfield Police Officer Kirk Beach stopped a vehicle being driven by Wilbur Elias, whose license Beach knew was suspended. Elias exited the vehicle and met Beach at the rear bumper of the vehicle. Beach patted Elias down and placed him in the front seat of the patrol car. Beach testified that Elias was "very nervous and evasive," and "[Beach] felt like something was not right based on the way that [Elias] got out and how nervous he was in [the patrol] car."

Beach left Elias in the patrol car and approached the stopped vehicle. He saw Mavin slumped down in the rear seat. Beach had not seen Mavin during his first contact with Elias at the rear of the vehicle. Moving closer, Beach saw Mavin holding in his left hand a prescription bottle with no label. Mavin dropped the bottle to the floor and pushed it with his foot underneath the seat.

Beach removed Mavin from the vehicle. He testified that he recognized the prescription bottle as a type frequently used to carry crack cocaine. Once Mavin was out of the vehicle, Beach picked up the bottle, which had rolled from under the seat onto the floorboard. He opened the bottle and observed a white,

-

powdery residue, which subsequent analysis determined to be crack cocaine.

Mavin moved to suppress the prescription bottle as the product of an illegal search and seizure. The trial court denied the motion. In a bench trial, it convicted Mavin of possession of cocaine, in violation of Code § 18.2-250, and sentenced him to serve twelve months in jail with an additional two years imprisonment suspended.

## II. Motion to Suppress

Mavin contends that the trial court erred in refusing to suppress the prescription bottle as the product of an illegal search and seizure. Relying on Harris v. Commonwealth, 241 Va. 146, 400 S.E.2d 191 (1991), he contends that Beach was not authorized to seize and examine the prescription bottle, which was of a type commonly and lawfully possessed. He argues that Beach's observation of the bottle did not give Beach probable cause to believe it contained contraband.

Mavin's reliance on Harris is misplaced. In Harris, police officers frisked Harris for weapons and found a film canister. When questioned about its contents, Harris replied that it contained film. Noting that film canisters are routinely possessed lawfully and that the officers had no factual basis to disbelieve Harris or to believe that the canister was being used unlawfully, the Supreme Court held that it was illegally seized. See Harris, 241 Va. at 150, 400 S.E.2d at 193-94.

-

In denying Mavin's motion to suppress, the trial court found as follows:

> The pill bottle was apparent to him looking through the window, which he had the right to do. And given the circumstances, even though the pill bottle could have been used for other legitimate uses, given his suspicions, which were engendered by the conduct not only of Mr. Elias but also Mr. Mavin, and the fact that it was in plain view, I find that he was entitled to seize the pill bottle as a matter that was in plain view. I'll overrule your motion to suppress.

The evidence supports those findings and that ruling.

Beach was justifiably suspicious due to Mavin's and Elias' conduct. Mavin attempted to hide from view. He also attempted to hide the prescription bottle. He denied knowledge of the bottle, which Beach had just seen in his hand. Such furtive conduct gave Beach probable cause to believe that a crime was being committed. The prescription bottle rolled out from under the seat and, at the time of seizure, was in plain view on the floorboard of the vehicle. It bore no label, suggesting no current medical use. See Hilliard v. Commonwealth, 17 Va. App. 23, 26, 434 S.E.2d 911, 913 (1993). These circumstances gave Officer Beach probable cause to believe that the prescription bottle contained illegal drugs; thus, Beach was justified in making a warrantless entry of the vehicle to seize the prescription bottle and in examining its contents.

-

III.  Sufficiency of the Evidence

Mavin next contends that the evidence was insufficient to prove that he was aware of the nature and character of the contents of the bottle.

"In order to convict a person of illegal possession of an illicit drug, the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of the drug and that the accused consciously possessed it." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1998).  Officer Beach testified that he saw Mavin holding the bottle in his left hand.  "'Physical possession giving the defendant "immediate and exclusive control" is sufficient. . . . The duration of the possession is immaterial and need not always be shown to have been actual possession.'"  Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (citation omitted).

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).  The trial court believed Beach's testimony and did not believe Mavin.  Mavin's nervousness and his attempt to hide the pill bottle support the trial court's finding that he knew the pill bottle contained illicit drugs.

-

The seizure of the pill bottle was lawful, and the evidence sufficiently supports the conviction.  Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>