# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Craig L. Pulley, Jr.

February 5, 2001

Case No. CR00001996

BY JUDGE JUNIUS P. FULTON, III

The Court has had an opportunity to consider the defendant's motion alleging that Virginia Code § 18.2-308.2 violates the Equal Protection and Due Process clauses of the United States Constitution by discriminating against him on the basis of his age. Further, defendant argues that the minimum mandatory sentence prescribed by Virginia Code § 18.2-308.2 is in direct conflict with its classification as a Class 6 felony.

On September 10, 1997, the defendant, then under the age of eighteen, was found guilty in the Norfolk Juvenile and Domestic Relations District Court of grand larceny and possession of burglarious tools. On March 30, 2000, the defendant was indicted by a grand jury for possession of a firearm by a convicted felon, Virginia Code § 18.2-308.2. The alleged offense occurred on March 9, 2000, and on that date the defendant was eighteen years and four months old. Code § 18.2-308.2(A) provides in pertinent part:

> It shall be unlawful for (i) any person who has been convicted of a felony or (ii) *any person under the age of twenty-nine who was found guilty as a juvenile fourteen years of age or older at the time of the offense of a delinquent act which would be a felony if committed by an adult,* whether such conviction or adjudication occurred under the laws of this Commonwealth, or any other state, the District of Columbia, the United States or any territory thereof, to knowingly and intentionally possess or transport any firearm or to knowingly and

intentionally carry about his person, hidden from common observation, any weapon described in § 18.2-308(A).

Va. Code Ann. § 18.2-308.2(A)(ii) (emphasis added).

Following a bench trial on November 13, 2000, this Court found the defendant guilty of possession of a firearm by a convicted felon. The Court also took defendant's motion to dismiss under advisement. The defendant argues that Virginia Code § 18.2-308.2 violates the Equal Protection and Due Process clauses of the United States Constitution because it creates a classification based on age with no rational relationship to any legitimate government purpose. Furthermore, he argues that the statute is inconsistent because it classifies the crime as a Class 6 felony yet imposes a two year minimum sentence.

For the purpose of constitutional analysis, we begin with the principle that "all legislation is presumed to be constitutional, and, therefore, the party attacking the legislation has the burden of proving that it is unconstitutional." *Walton v. Commonwealth*, 255 Va. 422, 427, 497 S.E.2d 869 (1998). Furthermore, any "reasonable doubt whether a statute is constitutional shall be resolved in favor of its validity, and courts will declare a statute invalid only if it is plainly repugnant to some constitutional provision." *Id*. Because the classification which is at issue in this case involves age, which is not a suspect class, nor is a fundamental right implicated, rational basis scrutiny is appropriate. Under the rational basis test, the classification must be rationally related to a legitimate governmental purpose. *Clark v. Jeter*, 486 U.S. 456, 461, 108 S. Ct. 1910, 100 L. Ed. 2d 465 (1998). A court may not overturn a statute under the rational basis test "unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes" that the Court may only conclude that the law is irrational. *Gregory v. Ashcroft*, 501 U.S. 452, 470, 115 L. Ed. 2d 410, 111 S. Ct. 2395 (1991). In examining the legitimacy of the governmental purpose, the legislature need not "actually articulate at any time the purpose or rationale supporting its classification." *Heller v. Doe*, 509 U.S. 312, 320, 125 L. Ed. 2d 257, 113 S. Ct. 2637 (1993) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 15, 120 L. Ed. 2d 1, 112 S. Ct. 2326 (1992)). Rather, the classification must be upheld if there is "any reasonably conceivable state of facts that could provide a rational basis for the classification." *Id*. Finally, a classification will not fail a rational basis review simply because it is not made with mathematical precision or results in some inequality. *Heller*, 509 U.S. at 312.

The Virginia General Assembly has not provided a specific reason for choosing twenty-nine as the age at which an individual convicted of a felony

as a juvenile may again be able to possess a firearm, nevertheless, the classification is rationally related to the legitimate governmental purpose of keeping firearms out of the hands of felons and extending the prohibition to those who committed a felony as a juvenile. Furthermore, there is a legitimate interest in establishing fair laws that do not overburden individuals for crimes committed as a juvenile. This statute attempts to strike a balance between the two interests by extending the prohibition to those who committed a felony as a juvenile but only for a limited period of time.

While drawing the line at the age of twenty-nine might seem arbitrary, perfection is not required, nor is mathematical precision necessary as long as the classification is rationally related to an asserted purpose. Here, the age restriction is rationally related to both the public safety interest and the state's interests in establishing reasonable laws. As a result, this statute survives the rational basis review and is not in violation of the Equal Protection or Due Process clauses of the United States Constitution.

Additionally, the defendant argues that the mandatory sentencing requirement in Virginia Code § 18.2-308.2 is inconsistent with its classification as a Class 6 felony which sets forth "a term of imprisonment of not less than one year nor more than five years, or in the discretion of the jury or the court trying the case without a jury, confinement in jail for not more than twelve months and a fine of not more than $2,500, either or both." Va. Code Ann. § 18.2-10.

The mandatory sentencing provision is not inconsistent with its classification as a Class 6 felony. Rather, it simply eliminates the Court's discretion and mandates a sentence of at least two years in prison. In keeping with the authorized punishment for Class 6 felonies, the Court may not impose a sentence of more than five years. Thus, the Court finds no inconsistency. The defendant's motions will be denied, exception noted.