COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphreys, Clements and Senior Judge Coleman
Argued at Richmond, Virginia


KEVIN E. GRAY

                                        MEMORANDUM OPINION* BY
v.    Record No. 0669-00-2        JUDGE JEAN HARRISON CLEMENTS
                                              MAY 1, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     James B. Wilkinson, Judge

            Christopher C. Booberg (Theodore Tondrowski;
            Thorsen, Marchant & Scher, L.L.P., on brief),
            for appellant.

            Leah A. Darron, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Kevin E. Gray was convicted in a bench trial of possession of

heroin in violation of Code § 18.2-250.  On appeal, he contends

the evidence was not sufficient to sustain the conviction.  We

disagree and affirm the conviction.

     As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

value, this opinion recites only those facts necessary to a

disposition of this appeal.

     When the sufficiency of the evidence is challenged on appeal,

we review the evidence "in the light most favorable to the

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987). We may not disturb the conviction unless it is plainly wrong or unsupported by the evidence. Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985). We are further mindful that the "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the factfinder's determination." Keyes v. City of Virginia Beach, 16 Va. App. 198, 199, 428 S.E.2d 766, 767 (1993).

Gray claims that the Commonwealth failed to prove beyond a reasonable doubt that he constructively possessed heroin. Specifically, he argues that the evidence presented at trial was insufficient to show that he was aware of the presence and character of the heroin or that he exercised dominion or control over it. Furthermore, he adds, no drugs were found on him or in his room, and he made no statements acknowledging the presence of the heroin, which was found in the kitchen with a codefendant. Thus, he concludes, the Commonwealth's evidence, which was merely circumstantial, did not exclude every reasonable hypothesis except that of guilt.

To convict Gray of possession of heroin, the Commonwealth must prove that he was aware of the presence and character of the particular drug and was intentionally and consciously in possession of it. Ritter v. Commonwealth, 210 Va. 732, 741, 173

-

S.E.2d 799, 805 (1970).  It is not required that actual possession of the drug be proved.  "[P]ossession of drugs may be actual or constructive.  Constructive possession may be established by "evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).

Mere proximity to an illegal drug is insufficient to establish possession but is a factor that may be considered. Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1998).  Occupancy of the premises where the illegal drug is found is another factor that may be considered.  Id.  Possession need not be exclusive but may be shared.  See Gillis v. Commonwealth, 215 Va. 298, 301-02, 208 S.E.2d 768, 771 (1974) (noting that occupancy of premises as a co-tenant is a factor to be considered with other evidence in determining whether a defendant had constructive possession).  Thus, in resolving the issue of constructive possession, "the Court must consider 'the totality of the circumstances disclosed by the evidence.'" Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 832 (1997) (quoting Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979)).

"Proof of constructive possession necessarily rests on circumstantial evidence; thus, 'all necessary circumstances proved

-

must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1992) (quoting Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (internal quotations omitted)). "However, the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). "Whether an alternative hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong." Archer, 26 Va. App. at 12-13, 492 S.E.2d at 832 (citations omitted). "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Stamper v. Commonwealth, 220 Va. 260, 273, 257 S.E.2d 808, 818 (1979) (quoting Karnes v. Commonwealth, 125 Va. 758, 764, 99 S.E. 562, 564 (1919)).

Here the evidence established that Officers Michael Musselwhite, Matt Cavanaugh, and Mark Lewis of the Richmond Police Department were conducting surveillance of 1743 Southlawn Avenue in Richmond. Based on their observations, a search warrant for the residence was issued. On June 10, 1999, Officer Lewis executed the warrant. After knocking on the back door and getting no answer, he entered the premises and saw an individual, not

-

Gray, sitting at the kitchen table.  The police then found in plain view $79 and residue on the kitchen table, a crack pipe containing residue on the kitchen floor, and sandwich baggies containing four razor blades with heroin residue on them on top of the refrigerator.

Gray was found sitting in the den area behind the kitchen. He told Lewis that "it was his girlfriend's place" and that "he had been staying there."  Gray also told Lewis that "he was a heroin user and did not deal drugs."  Lewis found $270 in a pair of Gray's shorts in the back bedroom.

In light of the fact that Gray resided in the home where the heroin was found; Gray was an admitted heroin user; the heroin residue and other drug paraphernalia were found in plain view in the kitchen, a room of common access and use within the home; and Gray was found in a room near the kitchen, we conclude that the trial judge could find beyond a reasonable doubt from the totality of these circumstances that Gray knew of the presence and character of the heroin and that he intentionally and consciously had constructive possession of it.  Hence, we hold that the evidence presented in this case sufficiently supports appellant's conviction for possession of heroin and that the conviction is not plainly wrong.

Accordingly, we affirm the conviction.

<u>Affirmed.</u>

-