COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia


JOHN RONALD DeVAUL

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1345-00-1      JUDGE ROBERT J. HUMPHREYS
                                          JUNE 5, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                     Rodham T. Delk, Jr., Judge

            Christopher P. Reagan, Assistant Public
            Defender (Office of the Public Defender, on
            brief), for appellant.

            Robert H. Anderson, III, Senior Assistant
            Attorney General (Mark L. Earley, Attorney
            General, on brief), for appellee.


     John Ronald DeVaul appeals his conviction, after a bench

trial, for possession of cocaine.  DeVaul argues that the trial

court erred in finding the evidence sufficient to establish that

he constructively possessed the drug.  Because this opinion has no

precedential value and because the parties are conversant with the

facts, we do not recite them in detail here.

     "Where the sufficiency of the evidence is challenged after

conviction, it is our duty to consider it in the light most

favorable to the Commonwealth and give it all reasonable

inferences fairly deducible therefrom."  Higginbotham v.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

*Commonwealth*, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). Furthermore, the judgment of a trial court will be disturbed on appeal only if plainly wrong or unsupported by the evidence. See Code § 8.01-680.

During trial, the trial court overruled DeVaul's motions to strike and ultimately convicted him of the offense finding the evidence sufficient to support a "reasonable inference that [DeVaul] had knowledge of that which was in plain view in the room."

"In order to convict a person of illegal possession of an illicit drug, the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of the drug and that the accused consciously possessed it." *Walton v. Commonwealth*, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1998). "[P]roof of actual possession, [however,] is not required; proof of constructive possession will suffice. Constructive possession may be established when there are acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control." Id. at 426, 497 S.E.2d at 872. "Mere proximity to the controlled substance, however, is insufficient to establish possession. Nevertheless, the possession need not be exclusive." *Eckhart v. Commonwealth*, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981).

-

"Proof of constructive possession necessarily rests on circumstantial evidence; thus, all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1992) (citations omitted). "However, the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

Here, DeVaul contends that the Commonwealth merely proved his proximity to the drugs, which he alleges is insufficient to establish constructive possession. To the contrary, unlike the situation in Haskins v. Commonwealth, 31 Va. App. 145, 151, 521 S.E.2d 777, 780 (1999), the Commonwealth also proved that DeVaul was the sole person in the room at the time Officer Joseph DeStefano arrived. Furthermore, the Commonwealth proved that DeVaul had been sleeping in the room, a factor from which the trial court could reasonably infer that DeVaul was at least in joint possession and control over the room. See Gillis v. Commonwealth, 215 Va. 298, 301, 208 S.E.2d 768, 771 (1974) (occupancy of premises as a co-tenant is a factor to be considered with other evidence in determining whether a defendant had constructive possession of contraband). Moreover, the drugs were found in the bathroom on top of the toilet seat.

-

Although the bathroom light was not on, the foyer light was on, and the drug paraphernalia was in the plain view of someone standing at or near the doorway to the room. Viewed in the light most favorable to the Commonwealth, this evidence supports the reasonable inference that DeVaul was aware of the presence and character of the paraphernalia and contraband.

Based on the totality of the circumstances, we do not find that the trial court was "plainly wrong" in finding the evidence sufficient to establish that DeVaul constructively possessed the contraband. See Eckhart, 222 Va. at 451, 281 S.E.2d at 855 (evidence sufficient to establish that defendant was aware of drugs found in a bedroom she shared with her husband, when she was seated outside the room in a location from which the drugs were visible).

Affirmed.