COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Bumgardner and Frank
Argued at Chesapeake, Virginia


CRAIG LEON PULLEY, JR.

MEMORANDUM OPINION[*] BY
v.    Record No. 0415-01-1       JUDGE RUDOLPH BUMGARDNER, III
FEBRUARY 5, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Junius P. Fulton, III, Judge

Duncan R. St. Clair, III (Duncan R.
St. Clair, III & Associates, P.C., on brief),
for appellant.

Amy L. Marshall, Assistant Attorney General
(Randolph A. Beales, Attorney General, on
brief), for appellee.


The trial court convicted Craig Leon Pulley, Jr., of possessing a firearm while under the age of twenty-nine after being convicted of a felony as a juvenile in violation of Code § 18.2-308.2.[1]  The defendant contends the statute violates his

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Code § 18.2-308.2(A) provides in part:

It shall be unlawful for . . . any person
under the age of twenty-nine who was found
guilty as a juvenile fourteen years of age
or older at the time of the offense of a
delinquent act which would be a felony if
committed by an adult . . . to knowingly and
intentionally possess or transport any
firearm . . . .

rights to due process and equal protection by discriminating on the basis of age.  The trial court concluded the statute had a rational basis and denied his motion to dismiss.[2]  Finding no error, we affirm.

The defendant was born November 16, 1981 and was convicted of grand larceny as a juvenile on September 10, 1997.  He was eighteen years old on the date of the offense when a police officer lawfully removed a firearm from his person.

"All legislation is presumed to be constitutional, and . . . the party attacking [it must prove] . . . it is unconstitutional."  Walton v. Commonwealth, 255 Va. 422, 427, 497 S.E.2d 869, 872 (1998) (citation omitted); Heller v. Doe, 509 U.S. 312, 313 (1993).  "In Equal Protection cases classifications based upon alienage, race, or national origin are inherently suspect and subject to close scrutiny.  When the classification is not suspect it is permissible if the governmental objective is 'legitimate' and the classification bears a 'reasonable' or 'substantial' relation thereto."  Duke v. County of Pulaski, 219 Va. 428, 432, 247 S.E.2d 824, 827 (1978) (citations omitted).  The rational basis test applies to

---

[2] The trial court noted that "the [age] classification is rationally related to the legitimate governmental purpose of keeping firearms out of the hands of felons and extending the prohibition to those who committed a felony as a juvenile."  It concluded that the "age restriction is rationally related to both the public safety interest and the state's interest in establishing reasonable laws."

-

age classification cases.  Gregory v. Ashcroft, 501 U.S. 452,
470 (1991).  The defendant must negate "'any reasonably
conceivable state of facts which could provide a rational basis
for the classification.'"  Heller, 509 U.S. at 320 (quoting
Federal Communications Comm'n v. Beach Communications, Inc., 508
U.S. 307, 313 (1993)).

The purpose of Code § 18.2-308.2 is to keep "firearms out
of the hands of convicted felons."  Armstrong v. Commonwealth,
36 Va. App. 312, 318, 549 S.E.2d 641, 644 (2001).  It is also to
keep firearms out of the hands of young adults who were
convicted of what would have been a felony if they had been
tried as adults.  That is a permissible public safety concern
and a legitimate governmental objective.  Limiting this
proscription to those under twenty-nine years of age balances
concerns for the public safety with the policy of giving
preferential treatment to juvenile offenders.  Lifting the
prohibition after ten years as an adult mitigates the penalty or
accountability for youthful crimes.  The classification is
rationally and reasonably related to the legitimate governmental
objective.  It does not discriminate against the defendant.
Accordingly, we affirm his conviction.

Affirmed.

-