COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Felton and Senior Judge Annunziata*
Argued at Alexandria, Virginia


MONEER R. ISHTIWI, S/K/A
 MOONER R. ISHTIWI
                                              MEMORANDUM OPINION** BY
v.       Record No. 0734-04-4               JUDGE ROBERT J. HUMPHREYS
                                                 JANUARY 11, 2005
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                         Kathleen H. MacKay, Judge

          Mark J. Yeager (Law Offices of Mark J. Yeager, P.C., on brief), for
          appellant.

          Eugene Murphy, Assistant Attorney General (Jerry W. Kilgore,
          Attorney General, on brief), for appellee.


        Appellant Moneer Ishtiwi appeals his conviction, following a jury trial, for obstruction of

justice, in violation of Code § 18.2-460(C).  Ishtiwi contends that the trial court erred in denying

his motion to strike, arguing that the Commonwealth's evidence was insufficient to convict him

of obstructing justice.  For the reasons that follow, we disagree, and therefore affirm the

judgment of the trial court.

        On September 26, 2002, Ishtiwi was involved in a traffic accident in Fairfax County.

Officer Chad J. Ellis, a Fairfax County police officer, was called to the scene to investigate the

_____

        * Judge Annunziata participated in the hearing and decision of this case prior to the
effective date of her retirement on December 31, 2004 and thereafter by her designation as a
senior judge pursuant to Code § 17.1-401.

        ** Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover,
as this opinion has no precedential value, we recite only those facts necessary to our holding.

accident. Because Ishtiwi did not have proof of insurance for the car that he had been driving, Officer Ellis asked Ishtiwi to "sign a proof of insurance form . . . to send to the DMV." Ishtiwi responded, "I'm not signing shit. I want to talk to my lawyer first." Ishtiwi then made a phone call, and Officer Ellis overheard Ishtiwi commenting, "There's a nigger here saying that I have to sign this form, this proof of insurance." After Ishtiwi hung up the phone, he told Officer Ellis, "I don't trust you. You're a piece of shit." After a slight pause in the conversation, Ishtiwi told Officer Ellis, "You're a fucking faggot," and that "You love me, you dream about me." About three seconds later, he again said, "You're a fucking faggot. You are – you're nervous around me. Look at you standing there like a little girl."[1]

Ishtiwi then asked whether Officer Ellis was still investigating "that fake ID case." Ellis responded, "[Y]es, [he] was." Ishtiwi then asked, "Am I on your list?" Officer Ellis responded, "I don't know. I haven't got computer forensics back." Ishtiwi then told Officer Ellis, "If you come to my house, you're going to get a dog bite." Based on this interchange, Ishtiwi was indicted for obstruction of justice, in violation of Code § 18.2-460(C).

At trial, Ellis explained that he was, at that time, conducting an investigation involving "individuals that were making fake ID's, Virginia driver's licenses, within Fairfax County." Although Ishtiwi was a suspect in that investigation, Officer Ellis "didn't want to reveal to [Ishtiwi] that he was on [the] list [of suspects] because [Officer Ellis] was trying to keep that secret from each person whose houses [the police] were going to [investigate]." Officer Ellis also testified that, at the time of the incident, he was aware that Ishtiwi kept two pit bulls at his

---

[1] Ishtiwi eventually signed the proof of insurance form, although the record is not clear as to whether he signed it before or after asking Officer Ellis whether he was still investigating the fraudulent identification case.

home. Officer Ellis subsequently "made the decision not to go back to [Ishtiwi's] house because it was not worth an officer being injured, myself, or his dog or himself."

When the sufficiency of the evidence in a criminal case is challenged on appeal, we view the evidence and all reasonable inferences fairly deducible from that evidence in the light most favorable to the Commonwealth, the party prevailing below. Walton v. Commonwealth, 255 Va. 422, 425-26, 497 S.E.2d 869, 871 (1988). "Great deference must be given to the factfinder who, having seen and heard the witnesses, assesses their credibility and weighs their testimony." Id. at 426, 497 S.E.2d at 871. Thus, a trial court's judgment will not be disturbed on appeal "unless it is plainly wrong or without evidence to support it." Id.

Code § 18.2-460(C) provides:

> If any person by threats of bodily harm or force knowingly attempts to intimidate or impede a judge, magistrate, justice, juror, witness, or any law-enforcement officer, lawfully engaged in the discharge of his duty . . . he shall be guilty of a Class 5 felony.

Generally, obstruction of justice "does not require the defendant to commit an actual or technical assault upon the officer." Craddock v. Commonwealth, 40 Va. App. 539, 552-53, 580 S.E.2d 454, 461 (2003); Love v. Commonwealth, 212 Va. 492, 494, 184 S.E.2d 769, 771 (1971). However, "there must be acts clearly indicating an intention on the part of the accused to prevent the officer from performing his duty, as to 'obstruct' ordinarily implies opposition or resistance by direct action." Craddock, 40 Va. App. at 553, 580 S.E.2d at 461 (internal quotations omitted); Ruckman v. Commonwealth, 28 Va. App. 428, 429, 505 S.E.2d 388, 389 (1998). Although words alone can support a conviction for obstruction of justice, see Polk v. Commonwealth, 4 Va. App. 590, 594, 358 S.E.2d 770, 772 (1987), those words generally must contain some manner of a threat intended to intimidate the police officer.

To establish that Ishtiwi violated Code § 18.2-460(C), the Commonwealth was therefore required to prove: (1) that Ishtiwi either issued a threat of bodily harm or used force; (2) in a knowing attempt to intimidate Officer Ellis; (3) who was lawfully engaged in the discharge of his official duties. Because the Commonwealth presented sufficient evidence of each of these three elements, we hold that the trial court did not err in denying Ishtiwi's motion to strike.

First, Ishtiwi's statement, "If you come to my house, you're going to get a dog bite," could reasonably be interpreted as a threat of bodily harm. The statement, when taken in context, constitutes a clear threat that, if Officer Ellis were to go to Ishtiwi's home while investigating the fraudulent identification case, Ishtiwi would make sure that Officer Ellis received a physical injury in the form of a dog bite.

Ishtiwi, however, contends that his statement did not constitute a threat of bodily harm because it is more akin to a generalized warning than a threat. Specifically, Ishtiwi asserts that the statement, "If you come to my house, you're going to get a dog bite," could reasonably be interpreted as a statement that, if Officer Ellis were to visit Ishtiwi's house, he should be careful to avoid being bitten by Ishtiwi's dogs. The inferences that may be drawn from Ishtiwi's statement, however, necessitate a comparison of the voice inflection and credibility of live witnesses' testimony. These are matters that are better left to the fact finder, and we will not disturb those findings on appeal. See Ferguson v. Grubb, 39 Va. App. 549, 557, 574 S.E.2d 769, 772 (2003) (noting that, on appeal, the trial court's findings are "peculiarly entitled to respect for [it] saw the parties, heard the witnesses testify and was in closer touch with the situation than the [appellate] Court, which is limited to a review of the written record" (internal quotations omitted)); cf. United States v. Hurst, 228 F.3d 751, 762 (6th Cir. 2000) (noting that "[c]redibility determinations are integral" to determining "whether a defendant obstructed or attempted to obstruct justice").

Ishtiwi also contends that his statement did not constitute a "threat" within the meaning of the statute because it did not involve a threat of immediate harm. To qualify as a "threat of bodily harm" within the meaning of Code § 18.2-460(C), however, there is no requirement that the statement involve a threat of *immediate* injury. See Keyes v. Commonwealth, 39 Va. App. 294, 301, 572 S.E.2d 512, 516 (2002) ("[A] threat is an avowed present determination or intent to injure presently *or in the future*." (alteration in original) (emphasis added) (internal quotations omitted)); Parnell v. Commonwealth, 15 Va. App. 342, 345, 423 S.E.2d 834, 836 (1992).[2] Also, because we have previously affirmed convictions based on conditional threats of future harm, requiring proof of a threat of immediate harm would be contrary to our settled precedent. See, e.g., Polk, 4 Va. App. at 592-93, 358 S.E.2d at 771-72 (affirming conviction for obstruction of justice based on the statements, "If I lose, I'll get you some other way," "I'm going to get you," and "I'm going to get even").

Second, the evidence, when viewed in a light most favorable to the Commonwealth, also establishes sufficient evidence from which the fact finder could have inferred that Ishtiwi issued the threat with the intent to intimidate Officer Ellis. Intent, like any element of a crime, may be proved by circumstantial evidence. Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). Here, the evidence indicates not only that Officer Ellis was involved in an ongoing investigation into fraudulent identification, but that Ishtiwi was aware of Officer Ellis' involvement in that investigation. Thus, the fact finder could have reasonably inferred that

---

[2] Cf. State v. Edwards, 924 P.2d 397, 400 (Wash. Ct. App. 1996) (noting that the "ordinary meaning of 'threaten' clearly includes . . . future threats," reasoning that "when one threatens to do something, he or she is not doing that thing at the time of communicating the threat," and, therefore, "the person making the threat communicates an intent to injure a person or property sometime in the future, immediate or remote").

Ishtiwi issued the threat with the intent to intimidate Officer Ellis and dissuade him from investigating Ishtiwi in connection with that case.

Ishtiwi, however, argues that Officer Ellis "had no present duty, or even intention, to go to Defendant's house" and that, "without such duty, [Ishtiwi's] statement about his dogs cannot rise to an expression of [Ishtiwi's] intentions to bodily harm." Ishtiwi concludes that he therefore lacked the present intention to commit an act of violence or force. When evaluating whether a defendant's actions fall within the ambit of Code § 18.2-460(C), however, our focus is not on the intent of the police officer, but rather, on the intent of the defendant. Even assuming that Officer Ellis had no present intent to visit Ishtiwi, Ishtiwi cannot rely on the officer's lack of present intent to negate his own. See Polk, 4 Va. App. at 593-94, 358 S.E.2d at 772 ("[I]t is the threats made by the offender, coupled with *his* intent, that constitute the offense." (emphasis added)).

Third, Officer Ellis explained that the fraudulent identification investigation was being conducted pursuant to his official duties. Although Officer Ellis initially detained Ishtiwi to have Ishtiwi sign the proof of insurance form, the statute does not indicate that a law-enforcement officer can only be impeded in those duties in which he is presently engaged. Because Officer Ellis was, at the time, involved in a fraudulent identification investigation, he was lawfully engaged in "the discharge of his duty" even though his initial contact with Ishtiwi did not specifically involve those duties.

For these reasons, we hold that the trial court did not err when it denied Ishtiwi's motion to strike, and we therefore affirm his conviction for obstruction of justice.

Affirmed.