COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Kelsey and McClanahan


FELICIA FAYE THROCKMORTON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0419-06-2        JUDGE ELIZABETH A. McCLANAHAN
                                                          MAY 15, 2007

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF POWHATAN COUNTY
Thomas V. Warren, Judge

(William R. Blandford, Jr.; Blandford & Newlon, P.C., on brief),
for appellant. Appellant submitting on brief.

(Robert F. McDonnell, Attorney General; Josephine F. Whalen,
Assistant Attorney General, on brief), for appellee. Appellee
submitting on brief.


Felicia Faye Throckmorton (Throckmorton) was convicted in a bench trial of felony

possession of cocaine in violation of Code § 18.2-250 and misdemeanor possession of marijuana

in violation of Code § 18.2-250.1.[1] On appeal, she maintains the evidence was insufficient to

support her convictions. We affirm the trial court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Code § 18.2-250 provides in pertinent part as follows:

It is unlawful for any person knowingly or intentionally to possess
a controlled substance unless the substance was obtained directly
from, or pursuant to, a valid prescription or order of a practitioner
while acting in the course of his professional practice, or except as
otherwise authorized by the Drug Control Act.

Code § 18.2-250.1 provides in pertinent part as follows: "It is unlawful for any person
knowingly or intentionally to possess marijuana unless the substance was obtained directly from,
or pursuant to, a valid prescription or order of a practitioner while acting in the course of his
professional practice, or except as otherwise authorized by the Drug Control Act."

I.  BACKGROUND

On appeal, we review the evidence in the "light most favorable" to the Commonwealth. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (citation omitted). That principle requires us to "'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" Kelly v. Commonwealth, 41 Va. App. 250, 254, 584 S.E.2d 444, 446 (2003) (*en banc*) (quoting Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998)).

So viewed, at approximately 10:45 p.m. on February 2, 2005, Trooper Christopher Putnam stopped a vehicle owned and being operated by Throckmorton for having a broken left rear tail lens.  While Trooper Putnam was speaking with Throckmorton he observed a copper colored metal mesh material in the floorboard behind her seat.  Trooper Putnam testified, in his training and experience, such items are used as filters inside glass pipes for smoking cocaine. Trooper Putnam asked Throckmorton if there was anything illegal in her vehicle, and she said there was not.  Throckmorton then consented to a search of her vehicle.  Throckmorton told Trooper Putnam no one else had driven her vehicle and no one else had access to her vehicle. Trooper Putnam again asked Throckmorton if there was anything illegal in her vehicle such as "drugs, guns, hand grenades, bazookas," and she responded she was 42 years old and did not do drugs.

When Trooper Putnam initiated his search, he found inside the center console two homemade glass smoking devices burned on both ends which he associated with smoking crack cocaine.  Trooper Putnam also found in the console aluminum foil containing a brown plant-like material he associated with marijuana. Under the driver's seat, Trooper Putnam found ten glass syringes.  Throckmorton told Trooper Putnam she did not know what these items were, they did

not belong to her, and she did not know to whom they belonged. According to the state certificate of analysis, the two glass tube smoking devices contained cocaine residue and the aluminum foil contained marijuana residue.

Throckmorton moved to strike the evidence against her. She conceded illegal items were found in her car but argued no presumption of guilt is allowed upon proof of ownership or occupancy of the vehicle.[2] She further argued there was insufficient evidence of her knowledge of these items and that she exercised dominion and control over the illegal substances. The trial court overruled the motion noting that when the trooper asked her about access to her vehicle, she said no other person had access to her vehicle or was driving her vehicle.

Throckmorton testified she moved from South Boston to Powhatan in June 2004 and visited South Boston the week before she was stopped by Trooper Putnam. She stated her car was unlocked and parked in South Boston during that time period. According to Throckmorton, her ex-boyfriend was angry with her for moving and may have planted the items in her vehicle while she was visiting South Boston. She testified he was a drug user in June of 2004 but she did not think he was anymore. Although she stated he last drove her vehicle a month before the date she was stopped, she later testified she had not seen her ex-boyfriend since she moved from South Boston in June. According to both Throckmorton and Trooper Putnam, the interior of her car was somewhat messy. She had not cleaned her vehicle since October or November of 2004. Throckmorton could not remember when she last cleaned the console, and she testified she never opened her console because there was not anything in there she used. According to Throckmorton, when she told Trooper Putnam no one else had access to her vehicle, she meant

---

[2] Code § 18.2-250 contains the following provision: "Upon the prosecution of a person for a violation of this section, ownership or occupancy of premises or vehicle upon or in which a controlled substance was found shall not create a presumption that such person either knowingly or intentionally possessed such controlled substance." Code § 18.2-250.1 contains a similar provision.

no one else had keys to her vehicle. Contradicting her earlier testimony and the statement Trooper Putnam said she gave him, Throckmorton later testified she told Trooper Putnam that anyone had access to her car because she never locked it. Throckmorton also testified she would not have consented to the search if she knew there was anything illegal in her car. She admitted having a prior felony conviction.

The trial court found Throckmorton guilty on both charges noting the evidence against her was "overwhelming."

## II. ANALYSIS

On appeal, Throckmorton argues the evidence was insufficient to support the convictions of possession of cocaine and marijuana.

In reviewing the sufficiency of the evidence, "the judgment of the trial court sitting without a jury is entitled to the same weight as a jury verdict." Saunders v. Commonwealth, 242 Va. 107, 113, 406 S.E.2d 39, 42 (1991) (internal quotation marks and citation omitted). "[T]he trial court's judgment will not be set aside unless plainly wrong or without evidence to support it." Hunley v. Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999). "The credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination." Marable v. Commonwealth, 27 Va. App. 505, 509, 500 S.E.2d 233, 235 (1998). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Id. at 509, 500 S.E.2d at 235. "This Court does not substitute its judgment for that of the trier of fact." Hunley, 30 Va. App. at 559, 518 S.E.2d at 349. The only relevant inquiry is "whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in

original); see also Haskins v. Commonwealth, 44 Va. App. 1, 7, 602 S.E.2d 402, 405 (2004); Kelly, 41 Va. App. at 257, 584 S.E.2d at 447.

Throckmorton argues the Commonwealth failed to prove she knowingly and intentionally exercised dominion and control over the cocaine and marijuana residue recovered from her console and, accordingly, failed to prove Throckmorton "actually or constructively possessed illegal substances." According to Throckmorton, the items seized could have been placed among the clutter in her car by someone else without her knowledge. Throckmorton's contention is based on her own testimony she never locked her car and it was, therefore, accessible to anyone including her former boyfriend who was upset with her for moving from South Boston in June 2004. Throckmorton points out she readily consented to the search and denied having prior knowledge of the existence of the items retrieved by Trooper Putnam. Under her rationale, her consent is consistent with her innocence since she would not have consented to the search if she were aware illegal drugs were in her vehicle.

"To convict a defendant of illegal possession of drugs, the Commonwealth must prove that the defendant was aware of the presence and character of the drugs, and that he intentionally and consciously possessed them." Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975).

> "[P]roof of actual possession is not required; proof of constructive possession will suffice. Constructive possession may be established when there are acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control."

Wilson v. Commonwealth, 272 Va. 19, 27, 630 S.E.2d 326, 330 (2006) (quoting Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 872 (1998)) (internal quotation marks and citation omitted). "To resolve the issue, the Court must consider the totality of the circumstances established by the evidence." Williams v. Commonwealth, 42 Va. App. 723,  735, 594 S.E.2d

305, 311 (2004) (citation omitted). "To be sure, in drug cases no less than any other, it 'is axiomatic that any fact that can be proved by direct evidence may be proved by circumstantial evidence.'" Haskins, 44 Va. App. at 6, 602 S.E.2d at 404 (quoting Etherton v. Doe, 268 Va. 209, 212-13, 597 S.E.2d 87, 89 (2004)).

There is credible evidence in this case to support the rationality of the trial court's findings. Though not a presumption of possession under Code §§ 18.2-250 and 18.2-250.1, Throckmorton's proximity to the illegal drugs and occupancy of the premises where the contraband was found are among the factors to be considered in determining whether she possessed the contraband. Walton, 255 Va. at 426, 497 S.E.2d at 872; Maye v. Commonwealth, 44 Va. App. 463, 484, 605 S.E.2d 353, 363 (2004); Williams, 42 Va. App. at 735, 594 S.E.2d at 311. In that regard, the items containing the cocaine and marijuana residue were found in a vehicle owned and occupied by Throckmorton. Specifically, Trooper Putnam retrieved them from the console located next to Throckmorton's seat and within her reach. Trooper Putnam testified the items were found "right on top" in the console. The presence of the ten syringes beneath her seat and the mesh material used for smoking cocaine in plain view were additional facts permitting the trial court to infer Throckmorton had knowledge of the presence of the drugs. See Wymer v. Commonwealth, 12 Va. App. 294, 301, 403 S.E.2d 702, 707 (1991) (possession of other drugs or paraphernalia "are additional facts which [permit] the fact finder to infer" that the accused had knowledge of the presence of drugs). Furthermore, Throckmorton told Trooper Putnam that no one else had driven her vehicle and no one else had access to her vehicle.

Though Throckmorton testified she was unaware of the presence of the items found by Trooper Putnam, her car was never locked, and she believed her ex-boyfriend may have planted the items in her vehicle, the trial judge was entitled to "draw the reasonable inference that [her]

explanation was made falsely in an effort to conceal [her] guilt. A false or evasive account is a circumstance . . . that a fact-finder may properly consider as evidence of guilty knowledge." Covil v. Commonwealth, 268 Va. 692, 696, 604 S.E.2d 79, 82 (2004) (citations omitted); see also Commonwealth v. Duncan, 267 Va. 377, 385, 593 S.E.2d 210, 215 (2004) (noting that the fact finder may discount an accused's self-serving explanation as a mere effort at "lying to conceal his guilt"); Rollston v. Commonwealth, 11 Va. App. 535, 548, 399 S.E.2d 823, 831 (1991) ("A defendant's false statements are probative to show he is trying to conceal his guilt, and thus is evidence of his guilt."). In addition to the inconsistent statements she made during her testimony regarding what she told the trooper about access to her vehicle, Throckmorton admitted she was a convicted felon. The trial judge was permitted to consider her prior felony conviction in assessing her credibility. See Code § 19.2-269.

We hold that the totality of the circumstances disclosed by the evidence was sufficient to support the finding that Throckmorton was in constructive possession of the cocaine and marijuana. Accordingly, we affirm her convictions.

Affirmed.