COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, McClanahan and Senior Judge Bumgardner
Argued at Richmond, Virginia


RAYMOND WYATT

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0209-07-2                      JUDGE ROBERT J. HUMPHREYS
                                                         APRIL 29, 2008
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                         W. Allan Sharrett, Judge

        Angela D. Whitley for appellant.

        Jennifer C. Williamson, Assistant Attorney General (Robert F.
        McDonnell, Attorney General, on brief), for appellee.


        Raymond Wyatt ("Wyatt") appeals his conviction for trespassing on the property of

Bernadette Morris ("Morris"), in violation of Code § 18.2-119.  Wyatt argues that the evidence

was insufficient to support his conviction.  For the following reasons, we hold that the evidence

was sufficient and affirm the decision of the trial court.

        Wyatt makes two arguments in support of his assertion that the evidence was insufficient

to convict him of trespassing.  First, he argues that during the incident in question he was

standing in a common area in the housing project where Morris lived and that he never entered

onto Morris's property.  Second, Wyatt argues that even if he was on Morris's property, he could

not be convicted of criminal trespassing because he had a claim of right that he was entitled to be

on the property, asserting that he had a good-faith belief that he was entitled to visit Morris's

residence to visit his children who were living there.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

At oral argument, Wyatt abandoned his first issue presented and conceded that the area of Morris's front porch was not part of the common area of the housing project. Thus, we only address his second issue presented. However, because the resolution of that issue is ultimately a factual determination and because there is evidence in the record to support the fact finder's conclusion with regard to his claim of right, we reject his argument on this issue as well.[1]

"Where an appellant challenges the sufficiency of the evidence, we review the evidence in the light most favorable to the party prevailing below, and we will affirm the judgment of the trial court unless plainly wrong or without evidence to support it." Aldridge v. Commonwealth, 44 Va. App. 618, 648, 606 S.E.2d 539, 554 (2004). Also, "great deference must be given to the factfinder who, having seen and heard the witnesses, assesses their credibility and weighs their testimony." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1988). We do not "substitute our judgment for that of the trier of fact." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Code § 18.2-119 states in relevant part:

> If any person without authority of law goes upon or remains upon the lands, buildings or premises of another, or any portion or area thereof, after having been forbidden to do so, either orally or in writing, by the owner, lessee, custodian or other person lawfully in charge thereof . . . he shall be guilty of a Class 1 misdemeanor.

---

[1] The Commonwealth argues that both of Wyatt's arguments are procedurally defaulted because he did not raise them during his motion to strike. See Rule 5A:18; Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (*en banc*). We disagree. In her argument in support of the motion to strike, Wyatt's attorney stated that Wyatt was on public property at the time of the incident and argued that Wyatt believed that he was entitled to be where he was because Morris had asked him to spend more time with their children. Although the issues may not have been fully developed at trial, they were presented to the trial court. That is all that Rule 5A:18 requires.

Although Code § 18.2-119 is silent as to intent, "the Virginia criminal trespass statute has been uniformly construed to require a willful trespass." Reed v. Commonwealth, 6 Va. App. 65, 71, 366 S.E.2d 274, 278 (1988). "Therefore, one cannot be convicted of trespass when one enters or stays upon the land under a bona fide claim of right. A good faith belief that one has a right to be on the premises negates criminal intent." Id. at 72, 366 S.E.2d at 278.

The evidence presented at trial was sufficient to prove that Wyatt entered Morris's property after she had forbidden him from doing so. At trial, Morris testified that she had told Wyatt on several occasions that he could not come onto her property. She testified further that, on the day in question, Wyatt entered onto her front porch, knocked repeatedly on her door, and yelled expletives and threats into her residence. Wyatt claims that he came to Morris's house with the good-faith belief that he was entitled to do so in order to visit his children that lived with Morris. Whether a trespasser has a bona fide claim of right "is an affirmative defense and thus usually a question for the trier-of-fact." Id.; see also Pierce v. Commonwealth, 205 Va. 528, 534, 138 S.E.2d 28, 32 (1964) ("Where the evidence is conflicting the question of *bona fides* is for the trier of the facts, in this case the court.").

The trial court, as the finder of fact, rejected Wyatt's argument that he entered Morris's property in a good-faith attempt to visit his children. The trial court found that, although Morris had previously allowed him to visit his children at her home, she had explicitly told him that he was not permitted to come to visit her. The trial court found as fact that on the day of the offense Wyatt was not attempting to visit his children. The trial court explained:

> And his presence on the property certainly wasn't a friendly presence; banging on her door, hollering "open the door, I know someone's in there." So it's not a pleasant social call. He's not there to visit his children in the context in which this case unfolds.

> \*     \*     \*     \*     \*     \*     \*

- 3 -

His entire conduct that day was banging on the door saying, "open the door. I know someone's in there," what [Morris] described as "name-calling." There's nothing consistent with that in visiting children. And the next time he's back on the property he's drawing a gun on someone. And none of that is consistent with lawful entry on the property.

Because Wyatt was not attempting to visit his children, the trial court found that he did not have a good-faith belief that he was entitled to enter Morris's property. The trial court's conclusions regarding Wyatt's purpose for entering Morris's property and whether Wyatt had a good-faith belief that he had a right to be there are entirely factual issues. Because the trial court's finding in this regard is supported by evidence in the record, we may not disturb that finding on appeal and it is thus dispositive of the issue presented.

Affirmed.