COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Willis and Clements
Argued at Salem, Virginia


JOHN TREVOR VILACHA

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 0679-01-3        JUDGE JEAN HARRISON CLEMENTS
                                             APRIL 30, 2002
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
                      Keary R. Williams, Judge

          Henry A. Barringer for appellant.

          Eugene Murphy, Assistant Attorney General
          (Randolph A. Beales, Attorney General, on
          brief), for appellee.


    John Trevor Vilacha was convicted in a bench trial of

possession of cocaine, in violation of Code § 18.2-250.  On

appeal, he contends (1) the evidence was insufficient, as a matter

of law, to prove beyond a reasonable doubt that he constructively

possessed the cocaine in the straw found by the police on the

floor of the pickup truck in which he was a passenger and (2) the

trial court erred in admitting into evidence a codefendant's

out-of-court statement implicating him because it violated his

Sixth Amendment right of confrontation.  Finding the evidence

insufficient to convict Vilacha, we reverse the conviction.

---

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and other incidents of the proceedings as necessary to the parties' understanding of the disposition of this appeal.

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1997). We are further mindful that the "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination." Crawley v. Commonwealth, 29 Va. App. 372, 375, 512 S.E.2d 169, 170 (1999). We will not disturb the conviction unless it is plainly wrong or unsupported by the evidence. Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).

"In order to convict a person of illegal possession of an illicit drug, the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of the drug and that the accused consciously possessed it." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1998). However, "proof of actual possession is not required; proof of constructive possession will suffice." Id. at 426, 497 S.E.2d at 872. "To support a conviction based upon constructive possession,

-

'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). Because "[p]roof of constructive possession necessarily rests on circumstantial evidence[,] . . . '"all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence."'" Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1992) (quoting Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (quoting Carter v. Commonwealth, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982))).

Here, viewed in the light most favorable to the Commonwealth, the evidence establishes that, when Trooper Anthony Skeens pulled over the pickup truck being driven by Scotty McBride, Vilacha was sitting next to the window on the passenger side of the truck and Wade Price was sitting in the middle between Vilacha and McBride. After the occupants exited the truck, Skeens recovered a pill bottle and part of a white pill with "Vicodin ES" inscribed on it from the truck's bench seat between where McBride and Price had been sitting. Laboratory testing later confirmed that the pill

-

was Vicodin, a Schedule III narcotic.[1]  Skeens also recovered a plastic straw from the front passenger-side floor of the truck, near the transmission hump.  The straw, which was found lying "in some trash," had "white-powder residue caked inside" it.  The substance in the straw was later identified through laboratory analysis as cocaine.

Vilacha, McBride, and Price were placed under arrest and transported to the jail.  At the jail, Skeens observed white-powder residue inside Vilacha's right nostril.  That residue, however, was not analyzed or identified.

While at the jail, Skeens confronted Vilacha, McBride, and Price with the pill bottle, the Vicodin pill, and the straw, but all three denied ownership.  Later, Skeens advised Price that he was being charged with, among other things, "possession of a controlled substance."  That charge, according to Skeens, was based solely on the Vicodin pill found in the truck.  McBride, who was within earshot of Skeens' conversation with Price, said that "the drugs in the truck was [sic] not Wade's.  They were his and Trevor's."  Vilacha was not present during that exchange.

The Commonwealth contends that Vilacha's proximity in the truck to the cocaine, the presence of white-powder residue in Vilacha's right nostril, and the statement by McBride that "the

_____

[1] Vilacha was also tried, and acquitted, in these same proceedings before the trial court of a misdemeanor charge of possessing a Schedule III controlled substance, namely Vicodin.

-

drugs in the truck . . . were his and [Vilacha's]" prove Vilacha was aware of the presence and character of the cocaine and that it was subject to his dominion and control.

Clearly, the evidence shows that the cocaine was found relatively near to where Vilacha was sitting in the truck.  "An accused's mere proximity to an illicit drug, however, is not sufficient to prove possession."  Walton, 255 Va. at 426, 497 S.E.2d at 872.  Furthermore, "[p]roof that the [illicit drug] was found in . . . a vehicle . . . occupied by the [accused] is insufficient, standing alone, to prove constructive possession."  Powers, 227 Va. at 476, 316 S.E.2d at 740.  Thus, while such circumstances may be considered in determining whether Vilacha possessed the cocaine, the evidence of Vilacha's mere occupancy of the truck and proximity to the cocaine in the truck is not sufficient by itself to prove he constructively possessed the cocaine.

Turning to the Commonwealth's remaining evidence, we find it void of any facts or circumstances that prove beyond a reasonable doubt that Vilacha was aware of the presence and character of the cocaine and that it was subject to his dominion and control. Although Trooper Skeens observed the presence of white-powder residue in Vilacha's right nostril, no evidence negated the reasonable hypothesis that the residue resulted from Vilacha having crushed and snorted that part of the white Vicodin pill that was missing.  Indeed, Skeens himself testified that, when he

-

saw the straw in the truck, he assumed the missing part of the Vicodin pill had been crushed. The residue was never tested or identified. Thus, no evidence connected the white-powder residue observed in Vilacha's nostril to the cocaine found in the truck.

Additionally, assuming, without deciding, for purposes of this analysis, that McBride's statement that "the drugs in the truck . . . were his and [Vilacha's]" was properly admitted into evidence, nothing about that statement, or the context in which it was made, suggests that it referred to anything other than the Vicodin found in the truck. McBride made the statement after overhearing Skeens tell Price that he was being charged with possession of a controlled substance, a misdemeanor charge, in this instance, based solely on the Vicodin pill Skeens found in the truck. In fact, Skeens was not even aware at the time that the substance in the straw was cocaine, and nothing in the record indicates that he or any other officer mentioned that possibility to any of the accused before McBride made the statement. Thus, given its lack of specificity and the context in which it was made, McBride's statement failed to establish a connection between Vilacha and the later-identified cocaine.

We conclude, therefore, that the Commonwealth's evidence in this case creates, at most, only a strong suspicion that Vilacha was aware of the presence and character of the cocaine and that it was subject to his dominion and control. "Suspicion, however, no matter how strong is insufficient to sustain a criminal

-

conviction." Stover v. Commonwealth, 222 Va. 618, 624, 283 S.E.2d 194, 197 (1981). Thus, the evidence in this case fails to prove beyond a reasonable doubt that Vilacha constructively possessed the cocaine. Consequently, we hold that the evidence is insufficient, as a matter of law, to sustain Vilacha's conviction.

Accordingly, we reverse Vilacha's conviction and dismiss the indictment.[2]

Reversed and dismissed.

---

[2] Because we reverse Vilacha's conviction on the basis of insufficient evidence, we do not address his second assignment of error.